Shiva Prakash, Pro Se
2251 N. Rampart Blvd, Suite 325
Las Vegas, NV 89128
Email: shiva1863@gmail.com

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 14 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

## UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

CC TECHNOLOGY CORPORATION, a Colorado corporation,

               Plaintiff,

v.

SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,

               Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No.: 2:25-cv-02123-JAD-BNW

**DEFENDANT SHIVA PRAKASH'S MOTION TO DISMISS ENTIRE ACTION WITH PREJUDICE**

COMES NOW, Defendant Shiva Prakash ("Defendant" or "Prakash"), appearing pro se, respectfully moves this Court pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss Plaintiff CC Technology Corporation's ("CCTC" or "Plaintiff") Complaint in its entirety, with prejudice.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

This action attempts to relitigate claims fully resolved in CC Technology Corp. v. Capital Pure Assets Ltd., Case No. 2:24-cv-00680-NJK (D. Nev.) (the "Prior Action"). On February 19, 2025, the parties executed a comprehensive Mutual Release and Settlement Agreement (the "Settlement Agreement") releasing all claims. The Settlement Agreement was performed, enforced through court orders, and the district court concluded its retained jurisdiction by Order dated June 18, 2025.

Plaintiff now circumvents the Settlement Agreement's express terms, including its negotiated remedy of a Confession of Judgment against Defendant Prakash, by filing this duplicative lawsuit. This violates res judicata and constitutes abuse of process. Additionally, Plaintiff's fraudulent transfer allegations fail Rule 9(b)'s heightened pleading standard and lack factual basis.

### II. STATEMENT OF FACTS

On April 8, 2024, Capital Pure Assets Ltd. sued CCTC in Case No. 2:24-cv-00680-NJK. CCTC filed counterclaims on June 17, 2024, asserting eleven causes of action against Defendant Prakash, including fraud, breach of contract, conspiracy, conversion, and unjust enrichment. (Complaint para. 19).

After extensive litigation, the parties executed the Settlement Agreement on February 19, 2025, providing for payment of $1,336,000 over time with broad mutual releases. Section 3 released Counter-defendants from "any and all claims arising out of or relating to the Action or any of the claims, transactions, occurrences, acts, omissions, or any other matters alleged or that could have been alleged in the Action."

The Settlement Agreement provided a specific remedy for default: a Confession of Judgment against Capital Pure and Shiva Prakash. (Settlement Agreement Section 2(h)). Defendant Prakash signed this Confession of Judgment to provide CCTC an expedited enforcement mechanism.

The parties complied with initial payment obligations. On June 18, 2025, Judge Koppe issued an Order stating: "The Court has now exercised and concluded its retained jurisdiction over the Settlement Agreement." This terminated federal jurisdiction and constituted final judgment.

On April 10, 2025, Capital Pure Assets Ltd. was dissolved under Nevada law. Five days later, Defendant Prakash assisted in organizing DGITK LLC, incorporated in Delaware as a separate entity. DGITK has no continuity with CPA and shares no accounts, contracts, assets, or infrastructure with the dissolved CPA. No assets were transferred from CPA to DGITK.

On October 30, 2025, CCTC filed this Complaint asserting: (1) Breach of Contract; (2) Breach of Implied Covenant; (3) Fraudulent Transfer; and (4) Declaratory Relief. These claims arise from the same facts fully released and adjudicated in the Prior Action.

## III. LEGAL STANDARD

### A. Rule 12(b)(1): Subject Matter Jurisdiction

Federal courts are courts of limited jurisdiction possessing only power authorized by Constitution and statute. Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). When a case has been fully adjudicated and the court's retained jurisdiction concluded, no jurisdictional basis remains for subsequent litigation. Id. at 381-82.

### B. Rule 12(b)(6): Failure to State a Claim

Dismissal is appropriate when the complaint fails to state a plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555-56 (2007).

C. Rule 9(b): Heightened Pleading for Fraud

Fraud claims must satisfy Rule 9(b)'s particularity requirement, pleading "the who, what, when, where, and how of the misconduct charged." Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003). Fraudulent transfer claims are subject to Rule 9(b). Decker v. Tramiel, 748 F. Supp. 1533, 1540 (C.D. Cal. 1990).

**IV. ARGUMENT**

A. This Action Is Barred by Res Judicata

Res judicata prohibits lawsuits on claims that were raised or could have been raised in a prior action. Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002). Three elements must be satisfied: (1) final judgment on the merits; (2) same parties or their privies; and (3) same transactional nucleus of facts. Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077 (9th Cir. 2003).

A settlement agreement approved and enforced by a court constitutes a final judgment on the merits. Headwaters Inc. v. U.S. Forest Serv., 399 F.3d 1047, 1053 n.3 (9th Cir. 2005); In re Citrus Growers Liquidation, 30 F.3d 1155, 1158 (9th Cir. 1994).

1.  Final Judgment on the Merits

The Settlement Agreement was performed and enforced through court orders dated May 5, 2025, and June 18, 2025. The district court explicitly concluded its retained jurisdiction on June 18, 2025. This constitutes final adjudication. See Headwaters, 399 F.3d at 1053 n.3; Jeff D. v. Andrus, 899 F.2d 753, 759 (9th Cir. 1989).

2.   Identity of Parties

The Prior Action involved CCTC as Counter-Claimant and Defendant Prakash as Counter-Defendant. (Complaint para. 19). This lawsuit names the same parties.

3.   Same Transactional Nucleus of Facts

The claims arise from the identical nucleus of facts as the Prior Action: the alleged $336,000 "SBLC scheme" from 2023, the same contractual relationship, and the same alleged wrongdoing of fraud, breach of contract, conversion, and conspiracy. (Complaint paras. 12-19). Courts apply this test pragmatically, considering whether facts are related in time, space, origin, or motivation. Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th Cir. 2000).

Plaintiff's claims are based entirely on the Settlement Agreement executed to resolve the Prior Action. While styled as "new" claims for breach of the Settlement Agreement, they are barred because they arise from the same transactional nucleus. As the Ninth Circuit explained in Robi v. Five Platters, Inc., 838 F.2d 318, 322 (9th Cir. 1988), "Under res judicata, a final judgment on the merits bars further claims based on the same cause of action. This includes claims that were raised or could have been raised in the original action."

CCTC litigated all disputes in the Prior Action and cannot now manufacture "new" claims by alleging breach of the settlement that resolved all prior claims. In Sweetwater Valley Civic Ass'n v. City of Nat'l City, 555 F.3d 1215, 1223 (9th Cir. 2009), the Ninth Circuit held res judicata barred a subsequent lawsuit alleging breach of a settlement agreement because "the district court's order approving the settlement agreement constituted a final judgment on the merits." The Settlement Agreement's release provisions encompass "any and all claims arising out of or relating to the Action or any of the claims, transactions, occurrences, acts, omissions, or any other matters alleged or that could have been alleged in the Action." This expansive language

encompasses all claims within the transactional nucleus. All four of Plaintiff's claims are therefore barred by res judicata.

B. This Court Lacks Subject Matter Jurisdiction Under Kokkonen

Once a case is dismissed pursuant to settlement, the district court is divested of jurisdiction unless jurisdiction is expressly retained in the dismissal order or settlement agreement. Oparaugo v. Watts, 884 F.3d 811, 814 (9th Cir. 2018). Even when retained, jurisdiction is limited in scope and duration to specific enforcement contemplated. Kokkonen, 511 U.S. at 381-82.

The district court retained jurisdiction over the Settlement Agreement but fully exercised and explicitly concluded that jurisdiction on June 18, 2025. Once concluded, the Prior Action was fully terminated. Under Kokkonen, this Court lacks subject matter jurisdiction to entertain a new lawsuit seeking to enforce or relitigate matters arising from the Settlement Agreement.

A party seeking to enforce a settlement agreement after dismissal must establish an independent basis for subject matter jurisdiction. Oparaugo, 884 F.3d at 814. CCTC has failed to do so. Diversity jurisdiction under 28 U.S.C. Section 1332 cannot confer jurisdiction over claims barred by res judicata or outside the scope of a case or controversy. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 94-95 (1998).

If CCTC believed Defendant Prakash breached the Settlement Agreement, its remedy was: (1) file the Confession of Judgment in a court of competent jurisdiction, or (2) file a breach of contract action in state court with original jurisdiction. See Kokkonen, 511 U.S. at 381. Instead, CCTC improperly attempts to invoke this Court's diversity jurisdiction to circumvent the Settlement Agreement's terms and relitigate conclusively resolved matters.

C. Plaintiff Impermissibly Split Its Claims

The rule against claim-splitting requires a plaintiff to assert all claims arising from the same

transaction in a single lawsuit. Mpoyo v. Litton Electro-Optical Sys., 430 F.3d 985, 987 (9th Cir. 2005). CCTC asserted eleven causes of action against Defendant Prakash in the Prior Action, all arising from the parties' 2023 business dealings. (Complaint para. 19). Those claims were settled and released.

The Ninth Circuit held a party cannot evade res judicata by repackaging claims as "new" causes of action. Robi, 838 F.2d at 322. Permitting successive lawsuits would undermine res judicata's fundamental purpose: preventing vexatious litigation and bringing finality to disputes. Mycogen Corp. v. Monsanto Co., 28 F.3d 1316, 1332 (Fed. Cir. 1994).

D. Plaintiff's Fraudulent Transfer Claim Fails Rule 9(b) and Fails to State a Claim

Rule 9(b) requires particularity: "the who, what, when, where, and how of the misconduct charged." Vess, 317 F.3d at 1106. To satisfy Rule 9(b), a fraudulent transfer complaint must allege: (a) what assets were transferred; (b) when transfers occurred; (c) who transferred assets and to whom; (d) what consideration was received; and (e) how transfers rendered the debtor insolvent or were made with intent to defraud. Gray v. Genlyte Grp., Inc., 289 F.R.D. 519, 530 (C.D. Cal. 2013).

Plaintiff's Third Claim alleges Capital Pure "engaged in a fraudulent transfer by dissolving and then transferring its ongoing business to DGITK." (Complaint para. 51). This fails Rule 9(b) because Plaintiff does not identify any particular asset, account, contract, or funds allegedly transferred; does not allege when any transfer occurred or what documentation memorialized it; does not allege what consideration DGITK paid; does not allege CPA's financial condition or insolvency; and does not allege Defendant Prakash personally transferred any assets or benefited from any transfer beyond the bare allegation he "assisted in organizing" DGITK.

In Vess, 317 F.3d at 1106, the Ninth Circuit held Rule 9(b) "demands that the circumstances be specific enough to give defendants notice of the particular misconduct so they can defend against the charge and not just deny that they have done anything wrong." In Kearns v. Ford Motor Co., 567 F.3d 1120, 1125 (9th Cir. 2009), the court held allegations must be "accompanied by the who, what, when, where, and how of the misconduct charged." Plaintiff's Complaint is devoid of these particulars.

Even if Rule 9(b) were satisfied, the claim fails substantively. Nevada law defines "transfer" as "every mode of disposing of or parting with an asset or an interest in an asset." NRS 112.140(12). Plaintiff does not allege CPA disposed of any asset to Defendant Prakash or that Defendant Prakash received any asset. The mere formation of DGITK does not constitute a "transfer" from CPA. In re Pac. Exp., Inc., 69 B.R. 797, 802 (B.A.P. 9th Cir. 1987).

DGITK is a separate legal entity distinct from its members. NRS 86.371. The fact that Defendant Prakash may be associated with both entities does not establish he transferred assets or is liable for fraudulent transfer. Polaris Indus. Corp. v. Kaplan, 747 P.2d 884, 888 (Nev. 1987). Plaintiff has not alleged any "badges of fraud" required under NRS 112.180(a), such as transfer to insiders, retention of possession, concealment, inadequacy of consideration, or financial condition before and after transfer. Silver State Bank v. Rackley, 821 P.2d 387, 388 (Nev. 1991). Plaintiff has not alleged CPA was insolvent or rendered insolvent by any transfer, as required under NRS 112.190. Plaintiff has not alleged Defendant Prakash was a transferee of any assets. The fraudulent transfer statute imposes liability on transferees who receive fraudulently transferred assets. NRS 112.200. Without such allegations, there is no basis for fraudulent transfer liability against Defendant Prakash individually.

E. Plaintiff's Exclusive Remedy Was the Confession of Judgment

The Settlement Agreement provided a specific remedy for default: the Confession of Judgment signed by Defendant Prakash and Capital Pure. Section 2(h) states: "In the event that [Capital Pure and Shiva] fail to make any Quarterly Payment and such failure continues for thirty (30) days after receipt of notice, CCTC may file the Confession of Judgment in the amount of $986,000, less any Quarterly Payments made."

When a settlement agreement provides a specific remedy for breach, that remedy is generally exclusive unless the agreement expressly preserves other remedies. Kaiser Found. Health Plan, Inc. v. Zingale, 99 Cal. App. 4th 1018, 1030 (2002). The Settlement Agreement carefully delineated CCTC's remedies: CCTC "may file the Confession of Judgment," not file a new lawsuit or seek additional remedies.

Defendant Prakash signed a Confession of Judgment, an extraordinary remedy allowing entry of judgment without litigation, in exchange for the opportunity to pay over time. By circumventing this and filing suit, Plaintiff seeks more than it bargained for, attempting to assert additional claims, seek remedies (fraudulent transfer, injunctions, punitive damages) not contemplated, and avoid the negotiated limitation on remedies.

Courts have consistently held parties cannot evade negotiated settlement terms by filing new lawsuits. In Terrell v. DeConna, 877 F.2d 1267, 1270 (5th Cir. 1989), the Fifth Circuit held where a settlement provided specific remedies, the plaintiff could not "simply ignore the settlement agreement and bring a new lawsuit." Similarly, Fid. & Deposit Co. v. McCulloch, 168 F.3d 1195, 1198 (9th Cir. 1999) held a party who settles and then attempts to reassert claims "is bound by the terms of the settlement."

F. Plaintiff's Breach of Contract and Implied Covenant Claims Fail

Nevada law is clear: "A claim for breach of the implied covenant of good faith and fair dealing cannot exist where the conduct constituting the breach is the same conduct alleged to constitute breach of contract." Sheppard v. Morgan Keegan & Co., 266 P.3d 240, 246 (Nev. 2011). Plaintiff's Second Claim is based on the exact same conduct as its First Claim: alleged failure to make quarterly payments. (Compare Complaint paras. 39-40 with paras. 45-46). The implied covenant claim must be dismissed as duplicative. A.C. Shaw Constr. v. Washoe County, 784 P.2d 9, 9 (Nev. 1989).

Even if not duplicative, the claim fails on the merits. The implied covenant does not create new substantive rights; it prevents bad faith conduct undermining the contract's purpose. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 107 Nev. 226, 232, 808 P.2d 919 (1991). Failure to pay money owed is simply breach of contract, not breach of the implied covenant. Perry v. Jordan, 900 P.2d 335, 338 (Nev. 1995).

Plaintiff also fails to allege performance or excuse of performance. Calloway v. City of Reno, 993 P.2d 1259, 1263 (Nev. 2000). Plaintiff's conclusory allegation that it "has performed all conditions, obligations, and covenants required" (Complaint para. 38) is insufficient under Iqbal and Twombly. Plaintiff does not identify what performance was required, what it provided, or why performance was excused.

G. Plaintiff's Declaratory Relief Claim Is Inappropriate

Declaratory relief is a remedy, not a cause of action. Cloud v. Northrop Grumman Corp., 67 Cal. App. 4th 995, 1012 (1998). Plaintiff's Fourth Claim seeks a declaration that "the Confession of Judgment is valid and should be entered as a Judgment against Shiva [Prakash]." (Complaint para. 62). This is not declaratory relief; it requests the Court enter judgment based on

the Confession of Judgment. The proper procedure was to file the Confession of Judgment in a court with jurisdiction and seek entry of judgment.

There is no justiciable controversy regarding the validity of the Confession of Judgment. Its validity is not disputed. What Plaintiff really seeks is enforcement, but this Court lacks jurisdiction after the Prior Action's conclusion. Even if appropriate, the declaratory relief claim is duplicative of the breach of contract claim. Ludgate Ins. Co. v. Lockheed Martin Corp., 82 Cal. App. 4th 592, 606 (2000).

H. The Complaint Fails to Allege Damages Properly

Plaintiff alleges it "has suffered damages in excess of $75,000, in an amount to be determined at trial." (Complaint paras. 40, 46). This boilerplate is insufficient. Twombly, 550 U.S. at 555. Plaintiff has not explained what damages it seeks beyond the Settlement Amount, how damages were calculated, what harm it suffered beyond alleged breach, or why it is entitled to damages beyond the Confession of Judgment remedy.

Plaintiff seeks punitive damages without alleging the required heightened conduct. Nevada law permits punitive damages only where the defendant acted with "oppression, fraud, or malice, express or implied." NRS 42.005(1). Mere breach of contract does not justify punitive damages. Ainsworth v. Combined Ins. Co. of Am., 763 P.2d 673, 675 (Nev. 1988). The conclusory allegation that "Defendants acted in bad faith, in a knowing, willful, malicious, oppressive and/or fraudulent manner" (Complaint para. 55) is precisely the type of legal conclusion Iqbal held insufficient. 556 U.S. at 678.

**V. CONCLUSION**

This action must be dismissed in its entirety with prejudice as to Defendant Shiva Prakash because: (1) res judicata bars all claims; (2) this Court lacks subject matter jurisdiction under

Kokkonen; (3) Plaintiff impermissibly split its claims; (4) the fraudulent transfer claim fails Rule 9(b) and substantive Nevada law; (5) Plaintiff's exclusive remedy was the Confession of Judgment; (6) the implied covenant claim is duplicative; (7) the declaratory relief claim is inappropriate; and (8) the Complaint fails to adequately allege damages or grounds for punitive damages.

## VI. REQUEST FOR JUDICIAL NOTICE

Defendant requests the Court take judicial notice of documents from the Prior Action, Case No. 2:24-cv-00680-NJK: (1) Complaint filed April 8, 2024; (2) CCTC's Answer and Counterclaim filed June 17, 2024; (3) Court's Order dated May 5, 2025; (4) Court's Order dated June 18, 2025 (ECF. 87), concluding retained jurisdiction; and (5) Mutual Release and Settlement Agreement filed February 19, 2025, as Exhibit 2 of ECF. 57. Courts may take judicial notice of matters of public record. Fed. R. Evid. 201; Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006).

## VII. PRAYER FOR RELIEF

WHEREFORE, Defendant Shiva Prakash respectfully requests that this Court:

Dismiss the Complaint in its entirety with prejudice as to Defendant Shiva Prakash pursuant to Rules 12(b)(1) and 12(b)(6); Award Defendant his costs of suit; and Grant such other relief as the Court deems just and proper.

Dated: November 14, 2025

Respectfully submitted,

Shiva Prakash, Pro Se
2251 N. Rampart Blvd, Suite 325
Las Vegas, NV 89128
Email: shiva1863@gmail.com

**DECLARATION OF SHIVA PRAKASH**

I, Shiva Prakash, declare under penalty of perjury:

I am a Defendant in this action with personal knowledge of the facts stated herein.

On February 19, 2025, CCTC, myself, and other Counter-defendants executed a Mutual Release and Settlement Agreement resolving all disputes in the Prior Action with broad mutual releases of all claims.

I personally signed a Confession of Judgment providing CCTC an expedited enforcement mechanism allowing entry of judgment against me and Capital Pure in the amount of $986,000, less any payments made, without further litigation. This was the agreed-upon exclusive remedy for any alleged default.

The parties complied with initial payment obligations. On June 18, 2025, Judge Koppe issued an Order stating: "The Court has now exercised and concluded its retained jurisdiction over the Settlement Agreement." This was the final order constituting final judgment. The Prior Action was fully concluded.

On April 10, 2025, CPA was dissolved under Nevada law. On April 15, 2025, I assisted in organizing DGITK LLC, incorporated in Delaware as a separate entity with no continuity with CPA. DGITK shares no accounts, contracts, assets, equipment, intellectual property, or infrastructure with CPA.

No assets, funds, equipment, or business interests were transferred from CPA to DGITK. I did not personally receive any assets from CPA, nor did I transfer any CPA assets to DGITK or to myself. DGITK operates independently in business activities separate and distinct from CPA's former operations. DGITK's formation was a legitimate business decision to pursue new opportunities and was not motivated by any intent to defraud CCTC or evade Settlement

Agreement obligations.

This lawsuit asserts claims already fully resolved under the Settlement Agreement. CCTC does not allege any new facts, transactions, or damages beyond what was addressed and resolved in the Prior Action.

CCTC's Complaint does not identify any specific asset allegedly transferred, dates of alleged transfers, consideration paid, or CPA's financial condition or insolvency. These allegations are conclusory and lack factual basis.

CCTC has not attempted to file or enforce the Confession of Judgment, which was the negotiated and agreed-upon exclusive remedy. Instead, CCTC filed this lawsuit seeking additional remedies not contemplated by the Settlement Agreement. This violates our settlement terms and deprives me of the benefit of the bargain.

I negotiated the Settlement Agreement in good faith, signed the Confession of Judgment to provide CCTC a remedy, and participated in the court-supervised settlement enforcement process. I did not act with fraud, malice, or oppression.

This action is duplicative of the Prior Action, barred by res judicata, and not properly before this Court given the district court expressly concluded its retained jurisdiction on June 18, 2025.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 14th day of November, 2025, in Las Vegas, Nevada.

_____

Shiva Prakash, Pro Se
2251 N. Rampart Blvd, Suite 325
Las Vegas, NV 89128
Email: shiva1863@gmail.com

## CERTIFICATE OF SERVICE

I certify that on November 14, 2025, I served a true and correct copy via U.S. Mail and/or Personal Service to the following parties:

Stephen R. Hackett, Esq.
David B. Barney, Esq.
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Email: shackett@sklar-law.com
Email: dbarney@sklar-law.com

Clerk of the Court
United States District Court
District of Nevada
333 Las Vegas Boulevard South
Las Vegas, NV 89101