Vikhyat Prakash
2251 N Rampart Blvd #325
Las Vegas, NV, 89128
theprakashfamilylv@gmail.com

FILED ___ RECEIVED
___ ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

NOV 18 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY: _____ DEPUTY

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>    Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>    Defendants. | Case No.: 2:25-cv-02123-JAD-BNW<br><br>**DEFENDANT VIKHYAT PRAKASH'S JOINDER IN MOTION TO DISMISS AND MEMORANDUM IN SUPPORT** |

COMES NOW Defendant Vikhyat Prakash ("Defendant Vikhyat" or "Vikhyat"), appearing pro se, hereby joins in full and adopts the arguments, authorities, and requested relief set forth in Defendant Shiva Prakash's Motion to Dismiss Entire Action with Prejudice filed November 13, 2025, and requests dismissal of all claims against him on the same grounds, including lack of subject-matter jurisdiction, claim preclusion and enforcement scope under the prior Settlement

enforcement proceedings, and failure to state a claim upon which relief can be granted.

This Joinder is made pursuant to LR 7-2 and Ninth Circuit authority permitting joinder where defendants share the same legal issues and requested relief. Granting the underlying motion as to Shiva Prakash warrants the same result for Defendant Vikhyat because the claims arise from the same Settlement Agreement, alleged payment defaults, and the same operative facts identified by Plaintiff. See Complaint paras. 22-35.

## MEMORANDUM OF POINTS AND AUTHORITIES

## I. INCORPORATION BY REFERENCE

Defendant Vikhyat incorporates by reference all arguments, legal authorities, and factual allegations set forth in Defendant Shiva Prakash's Motion to Dismiss, including without limitation:

1. All claims are barred by res judicata because the Prior Action resulted in a final judgment through the Settlement Agreement, involved the same parties, and arose from the same transactional nucleus of facts;

2. This Court lacks subject matter jurisdiction under Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375 (1994), because the district court in the Prior Action expressly concluded its retained jurisdiction on June 18, 2025;

3. Plaintiff impermissibly split its claims in violation of res judicata principles;

4. The fraudulent transfer claim fails to satisfy Rule 9(b)'s particularity requirement and fails to state a claim under Nevada law;

5. Plaintiff's exclusive remedy was the Confession of Judgment, and filing this lawsuit constitutes an impermissible end-run around negotiated settlement terms;

6. The implied covenant claim is duplicative of the breach of contract claim and must be dismissed under Nevada law;

7. The declaratory relief claim is inappropriate because it seeks enforcement, not declaration, of rights; and

8. The Complaint fails to adequately allege damages or grounds for punitive damages.

Each of these arguments applies with equal force to the claims asserted against Defendant Vikhyat.

## II. ADDITIONAL ARGUMENTS SPECIFIC TO DEFENDANT VIKHYAT

### A. Vikhyat Did Not Sign the Confession of Judgment and Has Different Contractual Rights

Unlike Defendant Shiva Prakash and Capital Pure Assets, Ltd., Defendant Vikhyat did not sign a Confession of Judgment as part of the Settlement Agreement. (Settlement Agreement Section 2(h); Exhibit B to Settlement Agreement). The Settlement Agreement provided a specific, expedited enforcement mechanism against Shiva Prakash and Capital Pure through the Confession of Judgment, but provided no such mechanism against Vikhyat.

This distinction is critical. The Settlement Agreement contemplated different enforcement mechanisms for different Counter-defendants. For Counter-defendants who signed Confessions of Judgment (Shiva Prakash and Capital Pure), the exclusive remedy upon default was to file the Confession of Judgment in a court of competent jurisdiction. For Counter-defendants who did not sign Confessions of Judgment (including Vikhyat), the exclusive remedy upon default was to file a breach of contract action in state court.

By filing this federal lawsuit asserting breach of contract, fraudulent transfer, and declaratory relief claims against Vikhyat, Plaintiff bypasses the contractually contemplated enforcement mechanism and seeks remedies not provided for in the Settlement Agreement. This

is particularly improper as to Vikhyat, who negotiated settlement terms that did not include a Confession of Judgment precisely to avoid the expedited enforcement mechanism that Shiva Prakash and Capital Pure agreed to.

Plaintiff cannot now seek to impose greater liability on Vikhyat than what was contemplated in the Settlement Agreement by filing this duplicative federal action seeking punitive damages, fraudulent transfer remedies, and other relief not bargained for.

B. Plaintiff Fails to Allege Any Specific Breach by Vikhyat Individually

Plaintiff's breach of contract claim against Vikhyat (Complaint paras. 36-41) fails because Plaintiff has not alleged any specific breach by Vikhyat individually. The Complaint alleges only that "Defendants" collectively failed to make quarterly payments. (Complaint para. 39). This conclusory allegation is insufficient under Iqbal and Twombly to state a claim against Vikhyat individually.

To state a claim for breach of contract, Plaintiff must allege: (1) the existence of a valid contract; (2) a breach by the defendant; and (3) damages that result from the breach. Calloway v. City of Reno, 993 P.2d 1259, 1263 (Nev. 2000). Here, Plaintiff has failed to allege element two as to Vikhyat.

The Settlement Agreement obligated all Counter-defendants jointly to make quarterly payments. Plaintiff does not allege:

- What specific payment obligation Vikhyat had individually;

- What specific action Vikhyat individually took or failed to take that constituted breach;

- How Vikhyat's conduct differed from or was independent of the other Counter-defendants' conduct;

- What portion of the Settlement Amount Vikhyat was individually responsible for paying;

- Whether Vikhyat had the ability to make payments on behalf of all Counter-defendants; or

- How Vikhyat individually caused the alleged default.

Without such specific allegations, Plaintiff has not stated a plausible claim for breach of contract against Vikhyat individually. The claim must be dismissed.

C. Vikhyat Had No Role in Capital Pure's Management or Dissolution

Unlike Hannah Dawn Prakash and Shivahi Prakash, who were Managers of Capital Pure Assets, Ltd., Vikhyat was not a manager, officer, or director of Capital Pure. (See Complaint paras. 3-4 identifying Hannah and Shivahi as Managers; para. 5 identifying Vikhyat simply as "an individual"). Plaintiff does not allege that Vikhyat had any management role, decision-making authority, or fiduciary duty with respect to Capital Pure.

Plaintiff's fraudulent transfer claim alleges that "Capital Pure engaged in a fraudulent transfer" by dissolving and transferring its business to DGITK. (Complaint para. 51). Even accepting this allegation as true for purposes of a motion to dismiss, Plaintiff does not allege that Vikhyat participated in the decision to dissolve Capital Pure, had any authority over Capital Pure's assets, transferred any assets, or benefited from any alleged fraudulent transfer.

To the extent Plaintiff's fraudulent transfer claim is directed at Vikhyat at all, it fails for multiple independent reasons:

1. Rule 9(b) Requires Particularity

Fraudulent transfer claims are subject to Rule 9(b)'s heightened pleading standard. Decker v. Tramiel, 748 F. Supp. 1533, 1540 (C.D. Cal. 1990). Plaintiff must allege with particularity: (a) what specific assets Vikhyat transferred; (b) when Vikhyat transferred them; (c) to whom Vikhyat transferred them; (d) what consideration Vikhyat received; and (e) how the transfers rendered Capital Pure insolvent or were made with intent to defraud creditors. Gray v. Genlyte Grp., Inc.,

289 F.R.D. 519, 530 (C.D. Cal. 2013).

Plaintiff has alleged none of these facts with respect to Vikhyat. The Complaint is devoid of any allegation that Vikhyat personally transferred any asset, received any asset, or participated in any alleged fraudulent scheme. The fraudulent transfer claim therefore fails as to Vikhyat under Rule 9(b).

2. No Allegations of Transferee Liability

Nevada's fraudulent transfer statute imposes liability on transferees who receive fraudulently transferred assets. NRS 112.200. Plaintiff does not allege that Vikhyat was a transferee who received any assets from Capital Pure. Without such allegations, there is no statutory basis for fraudulent transfer liability against Vikhyat.

3. No Allegations of Insider Status or Control

Even if Plaintiff were alleging that Vikhyat was somehow responsible for Capital Pure's alleged fraudulent transfer (which it does not), such a claim would fail because Plaintiff has not alleged that Vikhyat was an insider of Capital Pure with control over its assets or business decisions. Plaintiff has not alleged that Vikhyat was a manager, member, officer, director, or employee of Capital Pure. Plaintiff has not alleged that Vikhyat had any authority to make decisions on behalf of Capital Pure.

The mere fact that Vikhyat shares a last name with other individuals who were associated with Capital Pure does not establish that Vikhyat was an insider or had any role in Capital Pure's operations or dissolution. Such an inference based solely on familial relationship would be impermissible speculation, not a plausible inference from the facts alleged.

D. Vikhyat Had No Connection to DGITK LLC

Plaintiff alleges that Capital Pure's business was allegedly transferred to DGITK LLC. (Complaint para. 51). Plaintiff does not allege that Vikhyat has any connection to DGITK LLC whatsoever. Plaintiff does not allege that Vikhyat:

- Is a member, manager, officer, or employee of DGITK;

- Assisted in organizing or forming DGITK;

- Has any ownership interest in DGITK;

- Receives any benefit from DGITK's operations; or

- Has any relationship with DGITK.

Without any allegation connecting Vikhyat to DGITK, Plaintiff cannot state a claim against Vikhyat based on the alleged formation of DGITK or any alleged transfer of Capital Pure's business to DGITK. Any such claim fails for lack of factual allegations.

E. Plaintiff Seeks Improper Duplicate Recovery Against Vikhyat

The Settlement Agreement provided that all Counter-defendants, including Vikhyat, were jointly obligated to pay the Settlement Amount of $1,336,000 over time. If Plaintiff is permitted to pursue separate breach of contract claims against each Counter-defendant individually, Plaintiff could potentially recover the full Settlement Amount multiple times over, once from each Counter-defendant.

This would constitute an improper windfall and duplicate recovery. The proper remedy, if any, would be a joint judgment against all Counter-defendants for the Settlement Amount, not separate individual judgments against each Counter-defendant. The Complaint fails to allege any basis for imposing individual liability on Vikhyat separate and apart from the joint obligations of all Counter-defendants under the Settlement Agreement.

Moreover, because the Settlement Agreement provided different enforcement mechanisms for different Counter-defendants (Confession of Judgment for some but not others), Plaintiff's attempt to lump all Counter-defendants together in this lawsuit and seek identical relief against each of them violates the negotiated terms of the Settlement Agreement and deprives each Counter-defendant of the benefit of their respective bargains.

F. All Claims Against Vikhyat Are Barred by Res Judicata

As fully set forth in Defendant Shiva Prakash's Motion to Dismiss, all claims in this action are barred by res judicata. The Prior Action resulted in a final judgment through the Settlement Agreement. Vikhyat was a party to the Prior Action as a Counter-defendant and is a party to this action. The claims arise from the same transactional nucleus of facts.

The Settlement Agreement's broad release provisions released Vikhyat from "any and all claims, demands, obligations, damages, actions, and causes of action arising out of or relating to the Action or any of the claims, transactions, occurrences, acts, omissions, or any other matters alleged or that could have been alleged in the Action." This release encompasses all claims Plaintiff now asserts against Vikhyat.

Significantly, in the Prior Action, Plaintiff asserted claims against Vikhyat for fraud, deceptive trade practices, civil conspiracy, conversion, and unjust enrichment. (Complaint para. 19). Plaintiff chose to settle those claims through the Settlement Agreement rather than litigate them to judgment. Having made that choice, Plaintiff is bound by the Settlement Agreement's terms and cannot now attempt to relitigate those same claims or manufacture new claims arising from the same facts.

## G. Vikhyat's Presence in This Action Appears to Be Based Solely on Familial Relationship

A careful review of the Complaint reveals that Plaintiff has not alleged any specific wrongdoing by Vikhyat, any specific role Vikhyat played in the alleged wrongdoing, or any factual basis for holding Vikhyat liable independent of the other defendants. The only apparent reason Vikhyat is named as a defendant is that he shares a last name with other defendants.

Naming a defendant based solely on familial relationship, without alleging any specific wrongful conduct by that defendant, is insufficient to state a claim under Federal Rule of Civil Procedure 8, which requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has made clear that "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678.

Here, Plaintiff has not alleged any facts specific to Vikhyat that would make him liable under any theory. Plaintiff has lumped Vikhyat together with other defendants without differentiating his conduct, role, or liability. This "guilt by association" approach is precisely what Iqbal and Twombly prohibit.

Under Nevada law, individuals are not liable for the debts or obligations of an LLC merely because they are members of the LLC, let alone merely because they share a last name with members or managers of the LLC. See NRS 86.371 ("Except as otherwise provided in NRS 86.3715 to 86.3717, inclusive, the debts, obligations and liabilities of a limited-liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the limited-liability company").

Plaintiff has not alleged any basis for piercing the corporate veil of Capital Pure to impose liability on Vikhyat personally. Plaintiff has not alleged that Vikhyat was a member of Capital

Pure, that Vikhyat had any control over Capital Pure, that Capital Pure was Vikhyat's alter ego, or that adherence to the separate entity form would sanction fraud or promote injustice. Without such allegations, there is no basis for imposing liability on Vikhyat for Capital Pure's alleged obligations.

### III. CONCLUSION

For all the foregoing reasons, and for the reasons set forth in Defendant Shiva Prakash's Motion to Dismiss, this action must be dismissed in its entirety with prejudice as to Defendant Vikhyat Prakash.

The claims against Vikhyat are particularly deficient because: (1) Vikhyat did not sign a Confession of Judgment and Plaintiff's remedy against him, if any, is in state court; (2) Plaintiff has not alleged any specific breach by Vikhyat individually; (3) Vikhyat had no role in Capital Pure's management or dissolution; (4) Vikhyat had no connection to DGITK LLC; (5) Plaintiff seeks improper duplicate recovery; (6) all claims are barred by res judicata; and (7) Vikhyat's inclusion appears to be based solely on familial relationship without any specific factual allegations of wrongdoing.

### IV. PRAYER FOR RELIEF

WHEREFORE, Defendant Vikhyat Prakash respectfully requests that this Court:

1. Grant Defendant Shiva Prakash's Motion to Dismiss Entire Action with Prejudice as to Defendant Vikhyat Prakash;

2. Dismiss the Complaint in its entirety with prejudice as to Defendant Vikhyat Prakash pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6);

3. Award Defendant Vikhyat his costs of suit; and

4. Grant such other and further relief as the Court deems just and proper.

Dated: November 18, 2025

Respectfully submitted,

_____

Vikhyat Prakash, Pro Se
2251 N Rampart Blvd #325
Las Vegas, NV, 89128
theprakashfamilylv@gmail.com

### DECLARATION OF VIKHYAT PRAKASH IN SUPPORT OF JOINDER

I, Vikhyat Prakash, declare under penalty of perjury:

1. I am a named defendant in this action. I have personal knowledge of the facts stated herein.

2. I have reviewed Plaintiff's Complaint filed October 30, 2025, and the Settlement Agreement it references.

3. My Joinder adopts the arguments in Defendant Shiva Prakash's Motion to Dismiss Entire Action with Prejudice filed November 13, 2025, because the claims against me are based on the same Settlement Agreement and alleged non-payment dates identified in the Complaint. See Complaint paras. 24-27, 30-33.

4. I was a Counter-defendant in the Prior Action and a signatory to the Settlement Agreement dated February 19, 2025. Unlike Defendant Shiva Prakash and Capital Pure Assets, Ltd., I did not sign a Confession of Judgment as part of the Settlement Agreement.

5. I was not a manager, officer, director, member, or employee of Capital Pure Assets, Ltd. I had no management role, decision-making authority, or fiduciary duty with respect to Capital Pure. I had no authority over Capital Pure's assets or business decisions.

6. I did not participate in the decision to dissolve Capital Pure. I had no role in winding up

Capital Pure's affairs after dissolution. I did not transfer any assets from Capital Pure to any person or entity. I did not receive any assets from Capital Pure.

7. I have no connection to DGITK LLC. I am not a member, manager, officer, or employee of DGITK. I did not assist in organizing or forming DGITK. I have no ownership interest in DGITK. I do not receive any benefit from DGITK's operations. I have no relationship with DGITK whatsoever.

8. I did not personally make or have the authority to make quarterly payments on behalf of all Counter-defendants under the Settlement Agreement. The Settlement Agreement obligated all Counter-defendants jointly to make payments, but did not specify individual payment obligations or give any one Counter-defendant authority to make payments on behalf of all others.

9. I did not breach any individual obligation under the Settlement Agreement because the Complaint does not allege, and the Settlement Agreement does not impose, any individual payment obligation on me separate and apart from the joint obligations of all Counter-defendants.

10. The claims asserted against me in this lawsuit were already fully resolved under the Settlement Agreement executed in the Prior Action. Plaintiff does not allege any new facts, transactions, or damages beyond what was fully addressed and conclusively resolved in the Prior Action and the Settlement Agreement.

11. I negotiated the Settlement Agreement in good faith and participated in the court-supervised settlement enforcement process. I did not act with fraud, malice, or oppression.

12. This action is duplicative of the Prior Action, barred by res judicata, and not properly before this Court given that the district court in the Prior Action expressly concluded its retained jurisdiction on June 18, 2025.

I respectfully request dismissal of all claims against me.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed this 18th day of November, 2025, in Las Vegas, Nevada.

Vikhyat Prakash

## CERTIFICATE OF SERVICE

I certify that on November 18, 2025, I served a true and correct copy of the foregoing

DEFENDANT VIKHYAT PRAKASH'S JOINDER IN MOTION TO DISMISS AND

MEMORANDUM IN SUPPORT via U.S. Mail and/or Personal Service:

Stephen R. Hackett, Esq.
David B. Barney, Esq.
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Email: shackett@sklar-law.com
Email: dbarney@sklar-law.com
Attorneys for Plaintiff CC Technology Corporation

Clerk of the Court
United States District Court
District of Nevada
333 Las Vegas Boulevard South
Las Vegas, Nevada 89101