Shivahi Prakash;

Vikhyat Prakash;

Hannah Dawn Prakash

2251 N. Rampart Blvd, Suite 325

Las Vegas, NV 89128

FILED ___ RECEIVED
ENTERED ___ SERVED ON
COUNSEL/PARTIES OF RECORD

DEC • 5 2025

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>     Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>     Defendants. | Case No.: 2:25-cv-02123-JAD-BNW<br>**DEFENDANTS VIKHYAT PRAKASH, HANNAH DAWN PRAKASH, AND SHIVAHI PRAKASH'S CONSOLIDATED REPLY IN SUPPORT OF JOINDERS TO MOTION TO DISMISS** |

COMES NOW Defendants Vikhyat Prakash, Hannah Dawn Prakash, and Shivahi Prakash, appearing pro se, respectfully submit this Consolidated Reply in support of their Joinders to the Motion to Dismiss.

## I. INTRODUCTION

Plaintiff's Opposition to the Joinders continues a troubling pattern: rather than address the substantive deficiencies in its Complaint, Plaintiff attacks the procedural form of the Joinders, mischaracterizes Nevada law governing dissolved limited liability companies, and conflates distinct legal theories in an attempt to obscure the fundamental problems with its claims.

Most critically, Plaintiff's Opposition reveals that it does not understand the distinction between suing a dissolved LLC through its statutory trustees and imposing personal liability on individuals. Plaintiff repeatedly conflates these two concepts, asserting that naming Hannah and Shivahi as trustees under NRS 86.541(2) somehow makes them personally liable for Capital Pure's contractual obligations. This is not what the statute provides, and Plaintiff's misreading of Nevada law cannot salvage its deficient pleadings.

## II. THE JOINDERS ARE PROCEDURALLY PROPER

Plaintiff argues that the Joinders are "procedurally improper" because they contain substantive arguments. ECF No. 17 at 5-6. This argument lacks merit. Local Rule 7-2 permits joinders, and federal courts routinely permit defendants to file joinders that adopt the arguments of a co-defendant while adding defendant-specific arguments. See, e.g., Defs.' Joint Mot. to Dismiss, In re TFT-LCD (Flat Panel) Antitrust Litig., No. M 07-1827 SI, 2011 WL 4501223, at *1 (N.D. Cal. Sept. 28, 2011) (considering joinder motions with additional arguments). The Joinders properly adopt the arguments in Shiva Prakash's Motion to Dismiss while addressing issues specific to each defendant. Plaintiff cites Star Insurance Co. v. Iron Horse Tools, Inc., 2018 WL 3079493 (D. Mont. Feb. 7, 2018), but that case merely observed that joinders with substantive arguments are not "simple" joinders. It did not hold that such joinders are procedurally improper or should be stricken.

### III. RES JUDICATA BARS ALL CLAIMS

A. The Settlement Agreement's Release Provisions Are Dispositive

Plaintiff argues that the Settlement Agreement's release does not bar the present claims because the release excepts "payments, duties or obligations created by this Agreement." ECF No. 17 at 7. This argument proves too much. The release provisions establish that the parties resolved all pre-existing claims through the Settlement Agreement. Plaintiff now seeks to relitigate the same underlying dispute, the 2023 SBLC transaction, by repackaging it as a "breach of settlement" claim.

The fundamental question is whether Plaintiff's current claims arise from a genuinely new transaction or from the same transactional nucleus as the Prior Action. All of Plaintiff's claims depend on the same alleged wrongdoing: the 2023 SBLC transaction, the alleged fraud, and the parties' subsequent business dealings. The Settlement Agreement resolved those disputes. Plaintiff cannot manufacture a new lawsuit by alleging that defendants failed to perform the settlement that resolved the original dispute.

B. Claims Arising from Settlement Breaches Are Not Automatically Exempt from Res Judicata

Plaintiff's position would render res judicata meaningless in any case resolved by settlement. Under Plaintiff's theory, a party who settles a dispute could always file a new lawsuit alleging breach of the settlement agreement, thereby relitigating the same underlying facts. This is precisely what the doctrine of res judicata is designed to prevent. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 401 (1981) ("Res judicata thus encourages reliance on judicial decisions, bars vexatious litigation, and frees the courts to resolve other disputes.").

## IV. PLAINTIFF FUNDAMENTALLY MISUNDERSTANDS NRS 86.541(2) AND TRUSTEE LIABILITY

### A. The Statute Provides a Mechanism for Suit, Not a Basis for Personal Liability

Plaintiff's Opposition reveals a fundamental misunderstanding of Nevada law governing dissolved LLCs. NRS 86.541(2) provides that managers at the time of dissolution "are thereafter trustees of the dissolved company, with full power to prosecute and defend suits, actions, proceedings and claims of any kind or character by or against the company." This statute serves one purpose: to identify who has authority to represent the dissolved LLC in litigation after dissolution.

The statute does not eliminate limited liability. It does not impose personal liability on managers for the LLC's pre-existing debts. It does not transform managers into guarantors of the LLC's obligations. It simply designates who may sue or be sued on behalf of the dissolved entity.

Plaintiff repeatedly asserts that it "does not seek to prove any alter ego theories or pierce any corporate veils." ECF No. 17 at 8. But that is precisely the problem. If Plaintiff is not seeking to pierce the corporate veil or establish alter ego liability, then Plaintiff cannot hold Hannah or Shivahi personally liable for Capital Pure's debts. The LLC liability shield, codified at NRS 86.371(1), remains fully intact after dissolution. That statute provides: "Except as otherwise provided in NRS 86.3715 to 86.3717, inclusive, the debts, obligations and liabilities of a limited-liability company, whether arising in contract, tort or otherwise, are solely the debts, obligations and liabilities of the limited-liability company."

### B. The Trustee Designation Does Not Create Personal Liability for Pre-Existing Debts

Plaintiff conflates two distinct concepts: (1) suing a dissolved LLC by naming its statutory trustees as representatives of the entity, and (2) holding those trustees personally liable for the

entity's debts. These are not the same thing.

When a plaintiff sues a dissolved LLC through its statutory trustees under NRS 86.541(2), any judgment runs against the dissolved entity, not against the trustees personally. The trustees' role is to defend the entity and, if necessary, to marshal the entity's remaining assets to satisfy judgments. The trustees do not become personally liable for judgments against the entity merely by virtue of serving as statutory trustees.

Plaintiff cites NRS 86.505 and NRS 86.541(2) as authority for its claims against Hannah and Shivahi. ECF No. 17 at 7-8. But neither statute imposes personal liability on trustees for the LLC's debts. NRS 86.505 provides that dissolution does not impair remedies against the company. NRS 86.541(2) designates who acts as trustee. Neither statute abrogates NRS 86.371's liability shield.

If Plaintiff's interpretation were correct, the limited liability protection for Nevada LLCs would evaporate the moment an LLC dissolves. Every manager at the time of dissolution would become personally liable for all of the LLC's debts simply by operation of NRS 86.541(2). This absurd result was not intended by the Nevada Legislature and finds no support in the statutory text.

C. Plaintiff's Cases Do Not Exist

Plaintiff accuses Defendants of citing "fake or non-existent case law" while itself providing no authority for its novel interpretation of NRS 86.541(2). ECF No. 17 at 8. Plaintiff offers no Nevada case, no Ninth Circuit case, and no treatise supporting the proposition that statutory trustees under NRS 86.541(2) become personally liable for the dissolved LLC's contractual obligations. This is because no such authority exists. The statute creates a procedural mechanism for litigation, not a new theory of personal liability.

## V. SHIVAHI PRAKASH WAS NOT A PARTY TO THE SETTLEMENT AGREEMENT

### A. Shivahi Cannot Be Bound by a Contract She Did Not Sign

The Opposition does not dispute that Shivahi Prakash was not a signatory to the Settlement Agreement. A careful review of the executed Settlement Agreement, attached to Plaintiff's own Complaint as Exhibit 1, reveals no signature block for Shivahi, no mention of her as a "Counter-defendant" or "Party," and no obligations assigned to her.

Plaintiff's response to this fundamental problem is to assert that Shivahi is sued "in her statutory capacity as a trustee of Capital Pure, not individually." ECF No. 17 at 13. But this response misses the point. Even as a trustee, Shivahi can only be held liable for Capital Pure's obligations to the extent Capital Pure has assets to satisfy those obligations. She cannot be held personally liable for Capital Pure's debts because (1) she did not sign the Settlement Agreement, (2) she did not sign a Confession of Judgment, and (3) the trustee designation under NRS 86.541(2) does not impose personal liability.

### B. The Settlement Agreement Was Executed Before the Trustee Role Existed

The Settlement Agreement was executed on February 19, 2025. Capital Pure was dissolved on April 10, 2025. At the time the Settlement Agreement was executed, no trustee role existed because Capital Pure had not been dissolved. The Settlement Agreement could not have imposed obligations on Shivahi in a "trustee capacity" because that capacity did not exist when the Agreement was signed.

Plaintiff cannot retroactively impose contractual obligations on a non-party by invoking a statutory role that arose after the contract was executed.

## VI. VIKHYAT PRAKASH HAD NO ROLE IN CAPITAL PURE OR DGITK

### A. The Complaint Lacks Specific Allegations Against Vikhyat

Plaintiff argues that "all Defendants, including Vikhyat, were involved in the fraudulent transfer and the organization of DGITK." ECF No. 17 at 11. But the paragraphs Plaintiff cites, paragraphs 33-34 of the Complaint, do not contain any specific allegations against Vikhyat. Those paragraphs allege that "Defendants" collectively engaged in certain conduct, without identifying what role, if any, Vikhyat played.

Under Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), a plaintiff must allege facts showing each defendant's individual participation in the alleged wrongdoing. Collective allegations against "Defendants" as a group are insufficient. See id. ("Where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief.") (internal quotation marks omitted).

The Complaint does not allege that Vikhyat was a manager of Capital Pure, had any authority over Capital Pure's assets, participated in the decision to dissolve Capital Pure, had any role in forming DGITK, has any ownership interest in DGITK, or received any assets from Capital Pure.

Plaintiff's Opposition asserts that "Capital Pure's assets were transferred to Defendants, including Vikhyat." ECF No. 17 at 11. But this is a conclusory allegation unsupported by any factual content. What assets were transferred to Vikhyat? When? How? The Complaint provides no answers because Plaintiff has no factual basis for including Vikhyat in this lawsuit.

### B. Familial Relationship Is Not a Basis for Liability

Plaintiff insists that Vikhyat's inclusion is not based on familial relationship. ECF No. 17 at 13. But Plaintiff cannot identify a single specific act by Vikhyat that would subject him to

liability. The Complaint alleges that Vikhyat shares a last name with other defendants and was a Counter-defendant in the Prior Action. Without specific factual allegations of wrongdoing, Vikhyat's inclusion in this lawsuit is based on nothing more than guilt by association.

## VII. THE FRAUDULENT TRANSFER CLAIM FAILS AGAINST ALL DEFENDANTS

### A. The Complaint Identifies No Transfer

Plaintiff's Opposition continues to confuse corporate dissolution with fraudulent transfer. Dissolution of an LLC is not a "transfer" under Nevada's Uniform Voidable Transactions Act. Formation of a new entity is not a "transfer." Similarity of business operations is not a "transfer."

NRS 112.140(12) defines "transfer" as "every mode of disposing of or parting with an asset or an interest in an asset." The Complaint does not identify any asset that was transferred, when it was transferred, who transferred it, to whom it was transferred, or what consideration was paid. These are the essential elements of a fraudulent transfer claim, and Plaintiff has alleged none of them.

### B. Rule 9(b) Requires Particularity Even Under the Neubronner Exception

Plaintiff relies heavily on Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993), for the proposition that Rule 9(b)'s requirements are relaxed when facts are peculiarly within the defendant's knowledge. But even under Neubronner, a plaintiff must allege some facts showing that fraud occurred. The relaxation of particularity requirements does not excuse a plaintiff from alleging that any transfer actually took place.

Here, Plaintiff has not alleged that any specific asset was transferred, by anyone, to anyone. The "relaxed" standard permits a plaintiff to plead certain details on information and belief when the defendant controls the relevant information. It does not permit a plaintiff to allege no facts whatsoever and rely entirely on discovery to build its case. See Vess v. Ciba-Geigy Corp.

USA, 317 F.3d 1097, 1106 (9th Cir. 2003) ("Averments of fraud must be accompanied by the who, what, when, where, and how of the misconduct charged.") (internal quotation marks omitted).

## VIII. JOINT AND SEVERAL LIABILITY DOES NOT CURE THE PLEADING DEFICIENCIES

Plaintiff argues that because it seeks joint and several liability, there is no risk of duplicative recovery. ECF No. 17 at 9. This argument misses the point. Defendants' concern is not duplicative recovery. The concern is that Plaintiff has not alleged facts sufficient to hold each individual defendant liable.

Joint and several liability is a damages theory. It does not excuse a plaintiff from pleading facts showing that each defendant is individually liable. A plaintiff cannot simply name multiple defendants, allege that "Defendants" did something wrong, and then invoke joint and several liability to avoid specifying what each defendant actually did.

## IX. HANNAH'S INDIVIDUAL AND TRUSTEE CAPACITIES ARE DISTINCT

### A. Claims Against Hannah as Trustee Run Against Capital Pure

Plaintiff sues Hannah both individually and as trustee of Capital Pure. These are distinct capacities with different legal consequences. As discussed above, claims against Hannah as trustee are claims against the dissolved LLC. Any judgment in that capacity would be satisfied from Capital Pure's remaining assets, if any, not from Hannah's personal assets.

### B. Claims Against Hannah Individually Require Individual Wrongdoing

For claims against Hannah individually, Plaintiff must allege facts showing Hannah's individual wrongdoing. The Complaint alleges that Hannah signed the Settlement Agreement and is therefore liable for breach. This is sufficient for the breach of contract claim against her

individually.

However, for the fraudulent transfer claim, Plaintiff must allege that Hannah personally transferred assets or personally received transferred assets. The Complaint contains no such allegations. Plaintiff alleges that "Capital Pure" engaged in fraudulent transfer, not that Hannah personally did so. Without allegations of personal participation, the fraudulent transfer claim fails against Hannah individually.

## X. THE DECLARATORY RELIEF CLAIM IS NOT APPLICABLE TO SHIVAHI

Plaintiff seeks a declaration that the Confession of Judgment "should be entered as a Judgment against Shiva, and against Hannah and Shivahi as Trustees of Capital Pure." ECF No. 1, paragraph 62. This claim fails as to Shivahi because Shivahi did not sign the Confession of Judgment. The Confession of Judgment was signed only by Capital Pure and Shiva Prakash. Shivahi cannot be bound by a confession of judgment she did not execute.

### CONCLUSION

For the foregoing reasons, Defendants Vikhyat Prakash, Hannah Dawn Prakash, and Shivahi Prakash respectfully request that this Court grant their Joinders to the Motion to Dismiss and dismiss all claims against them with prejudice.

As to Shivahi Prakash, the claims must be dismissed because she was not a party to the Settlement Agreement, did not sign the Confession of Judgment, and cannot be held personally liable as a statutory trustee for Capital Pure's contractual obligations.

As to Vikhyat Prakash, the claims must be dismissed because the Complaint contains no specific allegations of wrongdoing by Vikhyat, no allegations connecting him to Capital Pure or DGITK, and no facts supporting any theory of individual liability.

As to Hannah Dawn Prakash, the fraudulent transfer claim must be dismissed because there are no allegations that she personally transferred or received any assets. The breach of contract claim, if it survives, runs against her individually for the joint obligations under the Settlement Agreement, not against her as trustee, and any judgment in her trustee capacity would run against Capital Pure's assets, not Hannah personally.

DATED: December 05, 2025

Respectfully submitted,

Vikhyat Prakash, Pro Se
2251 N. Rampart Blvd., Suite 325
Las Vegas, NV 89128
Email: theprakashfamilylv@gmail.com

Hannah Dawn Prakash, Pro Se
2251 N. Rampart Blvd., Suite 325
Las Vegas, NV 89128
Email: hdplvs@gmail.com

Shivahi Prakash, Pro Se
2251 N. Rampart Blvd., Suite 325
Las Vegas, NV 89128
Email: theprakashfamilylv@gmail.com

## CERTIFICATE OF SERVICE

We certify that on December 05, 2025, we served a true and correct copy of this DEFENDANTS VIKHYAT PRAKASH, HANNAH DAWN PRAKASH, AND SHIVAHI PRAKASH'S CONSOLIDATED REPLY IN SUPPORT OF JOINDERS TO MOTION TO DISMISS, via U.S. Mail and/or Personal Service to the following parties:

Stephen R. Hackett, Esq.
David B. Barney, Esq.
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Email: shackett@sklar-law.com
Email: dbarney@sklar-law.com

Clerk of the Court
United States District Court
District of Nevada
333 Las Vegas Boulevard South
Las Vegas, NV 89101