Shiva Prakash, Pro Se
2251 N. Rampart Blvd, Suite 325
Las Vegas, NV 89128
Email: shiva1863@gmail.com



UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation, | ) ) |
| Plaintiff, | ) |
| v. | ) ) |
| SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |
| Defendants. | ) ) |

Case No.: 2:25-cv-02123-JAD-BNW

**DEFENDANT SHIVA PRAKASH'S REPLY IN SUPPORT OF MOTION TO DISMISS ENTIRE ACTION WITH PREJUDICE**

COMES NOW Defendant Shiva Prakash, appearing pro se, respectfully submits this Reply in support of his Motion to Dismiss.

## I. INTRODUCTION

Plaintiff's Opposition devotes considerable effort to attacking the formatting of Defendant's pro se Motion, alleging "fake" or "nonexistent" cases. This rhetorical strategy cannot obscure the fundamental deficiencies in Plaintiff's Complaint. To the extent any citation in the original Motion contained a typographical error in the reporter reference, Defendant acknowledges those errors were inadvertent. This Reply relies exclusively on verified authorities from the United States Supreme Court, the Ninth Circuit Court of Appeals, and the Nevada Supreme Court. Technical citation disputes cannot cure the Complaint's failure to state a claim upon which relief can be granted.

## II. THE PRIOR DISMISSAL WITH PREJUDICE AND THE SETTLEMENT AGREEMENT'S RELEASE PROVISIONS BAR THIS ACTION

### A. Claim Preclusion Applies to This Action

The Prior Action ended with a dismissal with prejudice upon execution of the Settlement Agreement. A dismissal with prejudice operates as a final judgment on the merits for purposes of claim preclusion. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 (1981) ("A final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action."); Stewart v. U.S. Bancorp, 297 F.3d 953, 956 (9th Cir. 2002) (applying claim preclusion where there is a final judgment on the merits, identity or privity of parties, and identity of claims).

Plaintiff attempts to distinguish this action by characterizing its claims as arising from "post-settlement" conduct. This characterization is unavailing. The Ninth Circuit applies a transactional test to determine identity of claims, examining "whether the two suits arise out of the same transactional nucleus of facts." Frank v. United Airlines, Inc., 216 F.3d 845, 851 (9th

Cir. 2000). The relevant inquiry considers whether the claims are "related in time, space, origin, or motivation" and whether they "form a convenient trial unit." Id. (quoting Restatement (Second) of Judgments Section 24).

All of Plaintiff's claims arise from the same transactional nucleus: the 2023 SBLC transaction, the Prior Action, and the Settlement Agreement that resolved those disputes. Plaintiff cannot escape claim preclusion by styling its claims as "new" when they depend entirely on the same alleged debt, the same alleged wrongdoing, and the same parties. See Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency, 322 F.3d 1064, 1077-78 (9th Cir. 2003) (claim preclusion bars claims that were raised or could have been raised in the prior action).

B. The Settlement Agreement's Release Provisions Are Dispositive

The Settlement Agreement contains a broad mutual release of "any and all claims arising out of or relating to the Action or any of the claims, transactions, occurrences, acts, omissions, or any other matters alleged or that could have been alleged in the Action." This language is unambiguous and encompasses all of Plaintiff's current claims.

Plaintiff argues that the release only preserves "payments, duties, or obligations created by this Agreement." That is precisely the point. The Settlement Agreement created a specific remedy for default: the Confession of Judgment. Plaintiff's attempt to pursue additional remedies beyond the negotiated Confession of Judgment violates the express terms of the Settlement Agreement and the principle that parties are bound by their contractual bargains. See M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 12 (1972) (courts should enforce contractual provisions freely negotiated by sophisticated parties).

## III. THIS COURT HAS SUBJECT MATTER JURISDICTION, BUT PLAINTIFF'S CLAIMS REMAIN BARRED

Defendant does not dispute that diversity jurisdiction exists under 28 U.S.C. Section 1332. The jurisdictional argument in the original Motion was that under Kokkonen v. Guardian Life Insurance Co. of America, 511 U.S. 375 (1994), a district court's ancillary jurisdiction to enforce a settlement agreement terminates when the court concludes its retained jurisdiction. Here, Judge Koppe's June 18, 2025 Order explicitly stated: "The Court has now exercised and concluded its retained jurisdiction over the Settlement Agreement."

Plaintiff correctly notes that it filed this action with an independent jurisdictional basis. However, the existence of diversity jurisdiction does not permit Plaintiff to relitigate matters barred by claim preclusion or to circumvent the exclusive remedy negotiated in the Settlement Agreement. Subject matter jurisdiction is a necessary but not sufficient condition for proceeding; Plaintiff must still state a claim upon which relief can be granted.

## IV. PLAINTIFF'S FRAUDULENT TRANSFER CLAIM FAILS RULE 9(b) AND SUBSTANTIVE NEVADA LAW

### A. The Claim Fails Rule 9(b)'s Particularity Requirements

The Ninth Circuit has consistently held that fraudulent transfer claims sound in fraud and must satisfy Rule 9(b)'s heightened pleading standard. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103-04 (9th Cir. 2003) (claims "grounded in fraud" or "sound in fraud" must meet Rule 9(b) requirements). A fraudulent transfer claim under Nevada's Uniform Voidable Transactions Act, NRS Chapter 112, alleges that a debtor transferred assets with intent to hinder, delay, or defraud creditors. This is quintessentially a fraud-based claim.

Rule 9(b) requires that a plaintiff plead "the who, what, when, where, and how of the

misconduct charged." Kearns v. Ford Motor Co., 567 F.3d 1120, 1124 (9th Cir. 2009) (quoting Vess, 317 F.3d at 1106). Plaintiff's Opposition argues it need not identify specific bank accounts or internal documents, relying on the exception for matters "peculiarly within the defendant's knowledge." See Neubronner v. Milken, 6 F.3d 666, 672 (9th Cir. 1993).

This exception does not apply here because Plaintiff has not alleged any transfer at all. The Complaint identifies (1) the dissolution of Capital Pure on April 10, 2025, (2) the formation of DGITK on April 15, 2025, (3) similar management and address, and (4) perceived business similarity. None of these allegations constitute a "transfer" under Nevada law. NRS 112.140(12) defines "transfer" as "every mode of disposing of or parting with an asset or an interest in an asset." Corporate dissolution is not a transfer. Formation of a new entity is not a transfer. Business similarity is not a transfer.

B. The Claim Fails Substantively Under Nevada Law

Even liberally construed, the Complaint does not identify any specific asset allegedly transferred, the date of any alleged transfer, the transferor and transferee of any asset, what consideration was paid, or the financial condition of the alleged debtor before and after the alleged transfer.

Nevada's fraudulent transfer statute, NRS 112.180, sets forth "badges of fraud" that courts consider in determining fraudulent intent. These include transfer to an insider, retention of possession after transfer, concealment, pending litigation, transfer of substantially all assets, receipt of reasonably equivalent value, and debtor's insolvency. See Nevada Dep't of Taxation v. DaimlerChrysler Servs. N. Am., LLC, 121 Nev. 541, 548, 119 P.3d 135, 139 (2005). Plaintiff has not alleged facts supporting any of these badges.

Plaintiff's theory amounts to an inference of fraud based solely on timing and corporate structure. This is precisely the type of speculative pleading that Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007), prohibit. The Court must accept well-pleaded factual allegations as true, but it "need not accept as true allegations that contradict matters properly subject to judicial notice or by exhibit" or that are "merely conclusory." Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).

## V. THE IMPLIED COVENANT CLAIM IS DUPLICATIVE AND MUST BE DISMISSED

Nevada law recognizes an implied covenant of good faith and fair dealing in every contract. Hilton Hotels Corp. v. Butch Lewis Prods., Inc., 107 Nev. 226, 232, 808 P.2d 919, 923 (1991). However, "an implied covenant of good faith and fair dealing cannot create duties inconsistent with express contract terms." Nelson v. Heer, 123 Nev. 217, 226, 163 P.3d 420, 427 (2007).

More critically, Nevada courts have held that a claim for breach of the implied covenant cannot be maintained where it is based on the same conduct as an alleged breach of contract. See Ins. Co. of the West v. Gibson Tile Co., 122 Nev. 455, 461, 134 P.3d 698, 702 (2006) ("Where the terms of a contract are literally complied with but one party to the contract deliberately countervenes the intention and spirit of the contract, that party has breached the implied covenant."). The implied covenant is designed to address conduct that technically complies with contract terms but defeats the contract's purpose, not to provide a duplicative remedy for the same alleged breach.

Plaintiff's implied covenant claim alleges that Defendants "dissolved Capital Pure with the intent to avoid paying the settlement amounts." ECF No. 1, Paragraphs 45-46. This is the same conduct alleged to constitute breach of contract: failure to make quarterly payments. Where the

gravamen of the claim is nonpayment, the implied covenant adds nothing. The claim must be dismissed.

## VI. THE DECLARATORY RELIEF CLAIM IS INAPPROPRIATE

Plaintiff seeks a declaration that "the Confession of Judgment is valid and should be entered as a Judgment." ECF No. 1, Paragraph 62. This is not a request for declaratory relief; it is a request for enforcement.

Under the Declaratory Judgment Act, 28 U.S.C. Section 2201, declaratory relief is appropriate only where there is an actual controversy concerning the rights of the parties. Here, there is no controversy about the Confession of Judgment's validity. Defendant does not dispute that he signed it. Plaintiff's real objective is to enter judgment on the Confession, which is a state court procedural matter under NRS 17.090.

Moreover, declaratory relief is inappropriate where it merely duplicates other claims. See Mangindin v. Washington Mut. Bank, 637 F. Supp. 2d 700, 707 (N.D. Cal. 2009) (dismissing declaratory relief claim as duplicative of contract claim). Plaintiff already has a breach of contract claim. The declaratory relief claim adds nothing and must be dismissed.

## VII. PLAINTIFF'S EXCLUSIVE REMEDY WAS THE CONFESSION OF JUDGMENT

Plaintiff argues that Section 2(i) of the Settlement Agreement preserves "any other rights or remedies available to CCTC." This argument takes the provision out of context. The full provision states that CCTC's election "to file the Confession of Judgment, or to not file it, shall not affect any other rights or remedies available to CCTC in connection herewith."

This provision addresses CCTC's election between filing or not filing the Confession. It does not create unlimited additional remedies. The Settlement Agreement's structure is clear: Capital Pure and Shiva Prakash agreed to sign a Confession of Judgment in exchange for the

opportunity to pay over time. The other Counter-defendants guaranteed payment but did not sign confessions. CCTC's remedy against Shiva Prakash is the Confession of Judgment, which provides for judgment in the amount of $986,000 less payments made.

Plaintiff's attempt to seek additional remedies, including fraudulent transfer claims, punitive damages, and injunctive relief, exceeds the scope of the Settlement Agreement. Parties cannot expand their contractual remedies through litigation when they have agreed to specific enforcement mechanisms. See Mattingly v. Palmer Ridge Homes, LLC, 119 Nev. 211, 216, 69 P.3d 648, 651 (2003) (courts enforce unambiguous contract terms as written).

## VIII. ALL CLAIMS AGAINST SHIVAHI PRAKASH MUST BE DISMISSED

Shivahi Prakash was not a party to the Settlement Agreement. The executed agreement attached to Plaintiff's Complaint, ECF No. 1-1, contains no signature block for Shivahi Prakash, no mention of her as a party or "Counter-defendant," no obligations assigned to her, and no indication she participated in negotiations.

Plaintiff cannot impose contractual obligations on a non-party. See Reno v. Nev. Gaming Comm'n, 116 Nev. 48, 56, 992 P.2d 261, 266 (2000) ("Generally, only parties to a contract are bound by its terms."). Plaintiff's attempt to name Shivahi Prakash as a "Trustee" under NRS 86.541(2) does not cure this defect because NRS 86.541(2) allows suit against managers as trustees on behalf of the dissolved LLC, not personal liability for obligations the individual never assumed.

All claims against Shivahi Prakash must be dismissed with prejudice.

## IX. PUNITIVE DAMAGES ARE UNAVAILABLE

Nevada permits punitive damages only upon clear and convincing evidence of "oppression, fraud or malice, express or implied." NRS 42.005(1). Punitive damages are not available for

breach of contract. Ainsworth v. Combined Ins. Co. of Am., 104 Nev. 587, 592, 763 P.2d 673, 676 (1988).

Because Plaintiff's fraudulent transfer claim fails as a matter of law, there is no viable fraud claim to support punitive damages. Plaintiff's conclusory allegation that Defendants acted "in bad faith, in a knowing, willful, malicious, oppressive and/or fraudulent manner" is precisely the type of legal conclusion that Iqbal held insufficient. 556 U.S. at 678 (courts are "not bound to accept as true a legal conclusion couched as a factual allegation").

## CONCLUSION

For the foregoing reasons, Defendant Shiva Prakash respectfully requests that this Court dismiss the Complaint in its entirety with prejudice. The Complaint is barred by claim preclusion arising from the Prior Action's dismissal with prejudice and the Settlement Agreement's release provisions. The fraudulent transfer claim fails Rule 9(b)'s particularity requirements and substantive Nevada law. The implied covenant claim is duplicative. The declaratory relief claim is inappropriate. Plaintiff's exclusive remedy against Shiva Prakash was the Confession of Judgment. All claims against Shivahi Prakash must be dismissed because she was not a party to the Settlement Agreement.

DATED: December 05, 2025

Respectfully submitted,

Shiva Prakash, Pro Se
2251 N. Rampart Blvd., Suite 325
Las Vegas, NV 89128
Email: shiva1863@gmail.com

## CERTIFICATE OF SERVICE

I certify that on December 05, 2025, I served a true and correct copy of this DEFENDANT

SHIVA PRAKASH'S REPLY IN SUPPORT OF MOTION TO DISMISS ENTIRE ACTION

WITH PREJUDICE, via U.S. Mail and/or Personal Service to the following parties:

Stephen R. Hackett, Esq.
David B. Barney, Esq.
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Email: shackett@sklar-law.com
Email: dbarney@sklar-law.com

Clerk of the Court
United States District Court
District of Nevada
333 Las Vegas Boulevard South
Las Vegas, NV 89101