IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEVADA

CC TECHNOLOGY CORPORATION, a )
Colorado corporation,       )
                            ) Case No. 2:25-cv-02123-JAD-BNW
          Plaintiff,        )
                            ) Las Vegas, Nevada
vs.                         ) December 16, 2025
                            ) 1:16 p.m. - 1:52 p.m.
SHIVA PRAKASH, an individual;) Courtroom 6D
HANNAH DAWN PRAKASH, in an   ) MOTION HEARING
individual capacity and as   )
Trustee of Capital Pure      )
Assets, Ltd, a dissolved     )
Nevada limited liability     )
company, et al.              )
                            )
          Defendants.       )
_____) ***CERTIFIED COPY***

REPORTER'S TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT COURT JUDGE

APPEARANCES:

For the Plaintiff:   **DAVID B. BARNEY, ESQ.**
                     *SKLAR WILLIAMS PLLC*
                     *410 South Rampart Boulevard, Suite 350*
                     *Las Vegas, Nevada 89145*
                     *(702) 360-6000*

*(Appearances continued on page 2.)*

Court Reporter:   Amber McClane, RPR, CRR
                  United States District Court
                  333 Las Vegas Boulevard South, Room 1334
                  Las Vegas, Nevada 89101
                  Amber_McClane@nvd.uscourts.gov

Proceedings reported by machine shorthand.  Transcript
produced by computer-aided transcription.

APPEARANCES CONTINUED:

For the Defendants:

*SHIVA PRAKASH, Pro Se*

*HANNAH DAWN PRAKASH, Pro Se*

*VIKHYAT PRAKASH, Pro Se*

* * * * *

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

LAS VEGAS, NEVADA; TUESDAY, DECEMBER 16, 2025; 1:16 P.M.

--o0o--

P R O C E E D I N G S

**COURTROOM ADMINISTRATOR:**  This is the time set for a motion hearing in Case 2:25-cv-2123-JAD-BNW, CC Technology Corporation versus Shiva Prakash.

Please make your appearances beginning with the plaintiff.

**THE COURT:**  All right.  So Mr. Barney is going to be over here.  He's the plaintiff's lawyer, so he's going to be first.  And then the rest of you are going to be in these seats over here.  So go ahead and head over to those seats.

Hi.  Hang on just a second.

All right.  Mr. Barney, go ahead and make yours -- your appearance, please.

**MR. BARNEY:**  Good afternoon, Your Honor.  David Barney on behalf of the plaintiff CC Technology Corporation.

**THE COURT:**  All right.

**MR. SHIVA PRAKASH:**  Good afternoon, Your Honor.  My name is Shiva Prakash.  I'm representing myself.

**THE COURT:**  Yes.

**MR. SHIVA PRAKASH:**  Yes, ma'am.

**MS. HANNAH PRAKASH:**  Good afternoon, Your Honor.  My name is Hannah Prakash, *pro se*.

**THE COURT:**  Representing yourself.  And?

**MR. VIKHYAT PRAKASH:**  Good afternoon, Your Honor. Vikhyat Prakash*, pro se.*

**THE COURT:**  All right.  Good afternoon.

So is it Shivahi we don't have here today; is that right?

**MR. SHIVA PRAKASH:**  Yes, Your Honor.

**THE COURT:**  Okay.  Thank you.  All right.  Everyone can sit down.

This is the defendant Shiva Prakash's motion to dismiss this action with prejudice.  The motion is filed in the docket at Number 4.  Joinders were filed by defendants Hannah...

**MR. VIKHYAT PRAKASH:**  Vikhyat.

**THE COURT:**  Vikhyat?

**MR. VIKHYAT PRAKASH:**  Yes, ma'am.  Yes, Your Honor.

**THE COURT:**  Thank you.  Vikhyat and Shivahi Prakash, although they also add substantive arguments for which they should have filed separate motions to dismiss to raise these arguments because they exceed the scope of the original motion to dismiss.  Because they are fully briefed, I will -- I have considered their substance.

I've read everything, and I believe that I fully understand the parties' arguments.  I am going to allow ten minutes of argument.  And because I understand the arguments, I want to give the movants -- that's you folks -- the last

word.  So what I'm going to do is I'm first going to hear from counsel for CC Technology Corporation.  I'm going to give eight minutes of argument to counsel for CC Technology.  And then I'm going to hear from all of you.

So let me ask this question first.  Were you all intending to speak today, or did you just want one of you to speak?  What were your thoughts on that?

**MR. SHIVA PRAKASH:**  Your Honor, I'd like to speak on their behalf as well.

**THE COURT:**  Okay.  I'll let you do that today. You're not counsel, but because the joinders primarily raise the same arguments and copy your arguments, sir, I'll let -- I'll let you speak and raise the points for everybody on your side just today.  So please understand I'm not saying that you can file documents on their behalf or make their arguments in the future, but for today, for our purposes, I'll let you do that.

Any objection to that, Mr. Barney?

**MR. BARNEY:**  No, Your Honor.

**THE COURT:**  Okay.  So I'm going to give Mr. Barney eight minutes.  And then, Mr. Prakash, I'm going to come over to you for eight minutes, okay, and give you the last word.

Mr. Barney, the podium is yours.  I'm going to put eight minutes to hear your responses to all of the arguments that have been raised.

Ready when you are.

**MR. BARNEY:** Thank you, Your Honor. Your Honor, I'll begin with a brief synopsis of the procedural history because I think it speaks to where we are and the arguments that were made by the defendants.

This case arises from a previous case that was in front of judge -- Magistrate Judge Koppe not too long ago.

**THE COURT:** Yes. I've looked at it.

**MR. BARNEY:** Okay. And so we had that lawsuit. It was settled. The parties entered into a settlement agreement, and the terms of the settlement agreement included a couple of requirements before the case could be dismissed. And those were that the counterdefendants in that lawsuit who are all of the defendants in this lawsuit except for DGITK and Shivahi Prakash as a trustee of Capital Pure. They agreed to pay $14,000 and deliver an executed confession of judgment that was executed by Shiva Prakash and Capital Pure. The parties executed the settlement agreement, and they didn't do either of those things.

So my client, CC Technology Corporation, had to file a motion to enforce the settlement agreement with Judge Koppe. They did, and Judge Koppe found that they were required under the settlement agreement to do those things, enforced the settlement agreement just for those purposes, just to enforce the obligations that were to be carried out prior to

dismissal. And Judge Koppe required -- ordered them to do that. They failed to do so. She held them in contempt, and finally we got the $14,000 and the confession of judgment.

After that, our clients filed a motion requesting that Judge Koppe retain jurisdiction over the settlement agreement, the obligations in the settlement agreement that come post-dismissal. And Judge Koppe said, you know what? I'm going to enforce the settlement agreement as written. I enforce the pre-dismissal obligations, and because the intent of the agreement was for it to be dismissed after those requirements were met, I'm going to enforce only up to dismissal and file your lawsuit next, do whatever you have to do in a new lawsuit for post-dismissal obligations. So that's exactly what we're doing here.

After the case was dismissed, there were a number of obligations that the counterdefendants were required to comply with -- well, actually, one obligation that came in installments, and that's the obligation to pay quarterly payments to my client. They failed to make any quarterly payments. So here we are, and CC Technology Corporation is suing based on the settlement agreement. And this is the -- the maybe primary --

**THE COURT:** Suing for breach of the settlement agreement and the implied covenant of good faith and fair dealing inside of it?

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

**MR. BARNEY:** Yes, Your Honor.

**THE COURT:** Yes.

**MR. BARNEY:** And this is maybe the primary or at least the first argument, which is claim preclusion, that argues that these breach of contract claims are precluded by the underlying lawsuit. And the distinction here is that my client filed a lawsuit or filed counterclaims in the underlying lawsuit. Those were resolved --

**THE COURT:** By the settlement agreement.

**MR. BARNEY:** Exactly. And case was dismissed based on the terms of the settlement agreement, and now we're simply suing to enforce the terms of the settlement agreement.

And I'll just point the Court to a couple of key provisions regarding the terms of the release, although I'm not sure it's necessary. But section 4 providing the limitation of the releases states: Mutual release set forth above does not limit or otherwise affect any rights or claims held by the parties that arise under this agreement or after the effective date.

So these obligations all came due after the effective date arose under this agreement, and so they were not part of the same nucleus of facts or the same claims that my client could have alleged in the underlying lawsuit because this is the settlement of the underlying lawsuit, and these obligations were due after the fact. So that's the first

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

argument.

One argument that I think is pretty easy to clarify before I go into the rest is Defendant Shivahi Prakash, there are a variety of arguments about she can't be personally liable here. We didn't allege that she's personally liable, just to clarify that. She is being named as trustee of Capital Pure Assets, Ltd. and --

**THE COURT:** So in her capacity as trustee?

**MR. BARNEY:** That's right, Your Honor. And I guess dovetailing into that issue is that about two months after the settlement agreement was entered into, that Capital Pure -- Capital Pure Assets agreed to pay after the initial payments were made, almost a million dollars, Capital Pure Assets dissolves. And based on Nevada law, that doesn't absolve a limited-liability company of liability simply by dissolving. And NRS 86.505 states that an action that a party had against an LLC before dissolution can be brought any time within two years after the dissolution.

So that's what we're doing here. And under NRS 86.541(2), the manager or managers in office at the time of dissolution are thereafter trustees of the dissolved company with full power to defend suits against the company. So that's why Shivahi is named here as trustee. We're not seeking personal liability. She's just here as trustee. The same with Hannah -- and forgive me for using all first names.

It's just easier, I think.

THE COURT: They all have the same last name, yes.

MR. BARNEY: Exactly. So with Hannah, Hannah is also -- Hannah and Shivahi were both managers at the time of the dissolution. So they're named in their capacities -- in their capacity as trustee of that dissolved company. Hannah is also named. However, as a signer of the settlement agreement -- and I guess several of the agreements that kind of contradict each other. One says the exclusive remedy is a confession of judgment. Others say we're seeking duplicate recovery. But what we're trying to do is seek joint and several liability against all of the signers who are bound by the terms of the settlement agreement.

And the plain language of the settlement agreement defines counterdefendants as Capital Pure, Shiva, Hannah, Vikhyat, Chrisman PC, and Chrisman. And Chrisman PC and Chrisman haven't responded yet, so we'll handle that. But with respect to the other counterdefendants who have responded, the payment obligation state beginning on April 1st, 2025, and continuing for a period of 21 months thereafter, the counterdefendants shall make eight quarterly payments to CCTC in the following amount and on the following dates.

So we're seeking to hold each of them liable under the terms of the -- the contract. They all agreed to pay. We

were not required to allocate certain amounts between them. They're jointly and severally liable under this agreement. And as Judge Koppe recognized, the confession of judgment was an option.  The confession of judgment was not the exclusive remedy.  And as shown in section 2(i) of the settlement agreement -- can I just finish this thought, Your Honor?

**THE COURT:**  Yes.

**MR. BARNEY:**  Thank you.

Section 2(i), it states that, if Capital Pure and Shiva fail to make the quarterly payments, CCTC may file the confession of judgment in sole discretion without further notice or action.

**THE COURT:**  Not exclusive.

**MR. BARNEY:**  Exactly, Your Honor.  And then CCTC's election to file the confession of judgment or to not file it doesn't affect any other rights or remedies available to it. So we're pursuing alternate remedies.  We understand we can't collect double the -- double the amount owed under the settlement agreement.  Simply seeking joint and several liability.

So I'm happy to answer any questions that the Court may have.

**THE COURT:**  The only question I have is why do you need this declaratory relief claim?

**MR. BARNEY:**  The declaratory relief claim is in here

as a mechanism to recognize the confession of judgment should the plaintiff seek to pursue entry of that confession of judgment.

THE COURT: But why do you need me to say anything about that confession of judgment in order for you to go file it?

MR. BARNEY: So candidly, Your Honor, I'm not aware of a mechanism for -- in front of this Court where we can file a confession of judgment and have the clerk sign off on it. And because -- there were early negotiations where the parties were discussing stipulating to Judge Koppe retaining jurisdiction. And the settlement -- or the confession of judgment as executed still has this Court and the case number from the old case on it.

The settlement agreement also provides that disputes have to be adjudicated in this court, in Federal Court. And so rather than risk filing with an incorrect caption in state court and deal with that, it seemed the proper thing to do was to pursue, to the extent we can persuade the Court it's appropriate, a declaratory relief claim that it's valid and judgment should be entered should our client elect to pursue that remedy.

THE COURT: All right. Thank you.

MR. BARNEY: Thank you, Your Honor.

THE COURT: Mr. Prakash, I'll hear from you.

**MR. SHIVA PRAKASH:**  Thank you, Your Honor.  Good afternoon.

**THE COURT:**  Good afternoon, sir.

**MR. SHIVA PRAKASH:**  My name is Shiva Prakash.  This is the first time.  Forgive me for being a little nervous, but thank you for the time today.

Your Honor, Shiva Prakash appearing *pro se*.  This is the hearing on my motion to dismiss.

**THE COURT:**  Yes.

**MR. SHIVA PRAKASH:**  I have four pleadings defects shown in face of the plaintiff's complaint.  Number 1, plaintiff's own contract allegations exclude Shivahi, and the factual allegations on complaint, page 5, paragraph 22, plaintiffs pleads that the settlement agreement defined counterdefendants as Capital Pure, Shiva, Hannah, Vikhyat, Chrisman PC, and Chrisman.  That definition does not include Shivahi.  Plaintiffs also pleads on page 6, paragraph 26, that only Capital Pure and Shiva agreed to sign the confession of judgment, yet plaintiff sues Shivahi anyway and tries to treat her like a contract obligor.

Also Shivahi was not even a counterdefendant in the underlying federal lawsuit.  In plaintiff's own opposition brief, page 3, line 19, plaintiffs admits that in the prior action it brought against -- brought claims against only Capital Pure, Shiva, Hannah, Vikhyat, and Chrisman PC, and

Chrisman.  Plaintiff does not list Shivahi.  That matches plaintiff's definition of counterdefendants in complaint, page 5, paragraph 22, which again excludes Shivahi.

Second, even within the breach of contract claim, plaintiff cannot keep straight who allegedly breached.  The first claim for relief heading on page 8 sues Shiva, Hannah, Shivahi, Vikhyat, Chrisman PC, and Chrisman for breach, but the operative breach allegation on page 8, paragraph 39, names only Shiva, Vikhyat, Capital Pure, Chrisman PC, and Chrisman and omits Hannah and Shivahi.  Plaintiffs cannot state a breach claim against the parties it does not allege breached.

Third, the third claim for relief of fraudulent transfer is pleaded against all defendants on page 9.  Yet the only transfer allegation is conclusionary and upon information and belief claiming Capital Pure transferred its business and/or assets without identifying any specific asset, transfer date, consideration, or particular transferee/transaction.  That allegation is on page 10, paragraph 51.

Plaintiff then seeks sweeping remedies in page 10, paragraph 52 through 54, including attachment or garnishment, an injection and appointment of a receiver, avoidance of transfers, levy, and judgment all without identifying any specific asset transfer.  Plaintiff also seeks punitive and exemplary damages on page 10 in paragraph 55.

Fourth, the fourth claim is for declaratory relief on

page 11 is self-contradictory.  It says the controversies between CCTC and Shiva and Capital Pure on page 11, paragraph 59, but it asks the Court to enter the confession of judgment against Shiva and against Hannah and Shivahi as a trustee as page 11, paragraph 62.  That relief does not match their own pleaded controversy.  It also conflicts with the plaintiff's own allegation on page 6, paragraph 26, and the confession was signed by Capital Pure and Shiva.

For these reasons, I respectfully request that the Court dismiss the complaint for failure to state a claim.  In the alternative you at minimum dismiss the fraudulent transfer and declaratory relief claims as pleaded and dismiss the contract-based claims against any party plaintiff does not possibly allege breached or owed the obligations.  Also -- and as to Shivahi specifically, because plaintiff's own allegation excludes her from the settlement agreement, counterdefendant definition on page 5, paragraph 22, and the breach paragraph does not allege she breached on page 8 in paragraph 39, dismissal of the contract-based claims against her should be with prejudice.

THE COURT:  Yeah.  I don't think she's -- she's not sued individually.  She's sued I think as a trustee.  Is that right, Mr. Barney?

MR. BARNEY:  Yes, Your Honor.

THE COURT:  Right.  So there are no allegations that

she individually breached that agreement.  That's true.  She's essentially sued as a representative of the company.  So you're not totally wrong.  It's just that that's not how they've pled that claim.  Does that make sense?

**MR. SHIVA PRAKASH:**  Yes, Your Honor.  I understand.

**THE COURT:**  Let me ask you a couple questions.

**MR. SHIVA PRAKASH:**  Yes, Your Honor.

**THE COURT:**  Almost all of the cases that you cite in -- in your brief are false or miscited or misrepresented.  Mr. Barney pointed that out in his opposition.

The problem with that is, when that happens, it makes your presentation untrustworthy.  I suspect that this happened because you used some form of AI maybe to do the research or to help draft this motion to dismiss.  And I just kind of want to get to the bottom of this so that I can help you avoid it in the future.

Did you read Mr. Barney's brief where he explains that a lot of these cases that you are relying on either don't exist or don't say what you say they say or they're from a different court than you claim they are?  Did you see those -- those statements in his filing?

**MR. SHIVA PRAKASH:**  Yes, Your Honor.  I have a response for that if you want.

**THE COURT:**  Okay.  Tell me how this happened.  Because I, too, have -- I went and I independently checked

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

every single one of those.  I grabbed the books to make sure that they didn't exist in the books, and they don't exist in the books.  And if they exist in the books, they don't say what you say they say.

So how -- how did it happen?

**MR. SHIVA PRAKASH:**  Your Honor, I want to clarify that --

**THE COURT:**  Yeah.

**MR. SHIVA PRAKASH:**  -- point.  Upon reviewing the record, I realize that the citation was included in error in my earlier filing.  I'm not relying on that authority today.  My argument rests on the pleading [indiscernible] apparent on the face of the complaint under Rule 12 standard.

**THE COURT:**  Right.  Okay.  All right.  But help me understand how that happened.  Is it -- did you use an -- like Chat GPT or Google AI?  How did you get those cases?

**MR. SHIVA PRAKASH:**  Your Honor, to be -- I had a team of -- our team has dealt with the paperwork and they come up with the response and we engage the other legal minds.  Apparently there was an error that happened, Your Honor.

**THE COURT:**  Okay.  So it wasn't you that was doing the -- the research?  Someone else was doing this research on your behalf?

**MR. SHIVA PRAKASH:**  I was part of that research, Your Honor.

THE COURT:  I'm sorry?  Say that again.

MR. SHIVA PRAKASH:  I was part of the research as well.

THE COURT:  You were part of the research?

MR. SHIVA PRAKASH:  Yes, Your Honor.

THE COURT:  Is it -- where was the database that this information was coming out of?  Was it -- was it Chat GPT?  Was it Google AI?  Was it -- what -- where were you doing your research?

MR. SHIVA PRAKASH:  It was a combination of all of those in addition to other friends of mine, other team members of mine, Your Honor.

THE COURT:  Okay.  I just want to advise you that this -- when you use an AI source and not just a database of case law like Lexis or Westlaw, when you use an AI source, it hallucinates authorities.  It -- it absolutely -- this happens when you don't use a legitimate base -- database and you use AI to help write a brief.  It will supply you with fake cases.  It will change the case names.  It will change the citations.  It will change what the principles in the cases are to support you, even if it's not true.

MR. SHIVA PRAKASH:  Very well, Your Honor.  I learned.

THE COURT:  So this is your -- your one warning.

MR. SHIVA PRAKASH:  Yes, Your Honor.

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

**THE COURT:** And unfortunately what it means is you don't have the authoritative support that you thought you did when you first filed the -- the motion because those cases just aren't real. That authority's not real. But it's a -- it's a real problem, and we check it. We do. And having opposing counsel on the other side means they're going to check it, and they're going to advise the Court if it's happening.

But I also independently check all of this; right? So as I'm going through this, I pull all these cases up, and they just weren't there. Every time. And then I went to the books just to see, to make sure that it wasn't just some kind of a computer situation. But it's -- it's truly hallucinated authority.

So I wanted to advise you that, you know, going forward you need to be really careful of that.

**MR. SHIVA PRAKASH:** Thank you, Your Honor. Certainly.

**THE COURT:** All right. Thank you very much.

**MR. SHIVA PRAKASH:** Our -- may I make one more last comment, Your Honor?

**THE COURT:** Briefly.

**MR. SHIVA PRAKASH:** Thank you.

Your Honor, I appreciate the Court in raising it, and I want it clear that my argument does not depend on that

citation. Even without it -- them, the complaint's internal contradictions and omissions are sufficient under the Rule 12. Thank you, Your Honor.

**THE COURT:** Appreciate it. Thank you, sir.

All right. So it is my intention to rule on this motion on the record today. I will place my findings and conclusions on the record. And the transcript of this hearing will serve as the record of my ruling. Although the --

You can have a seat, sir.

**MR. SHIVA PRAKASH:** Thank you, Your Honor.

**THE COURT:** Although the minutes of this hearing will summarize my ruling, there will be no written order reflecting it.

So this is a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). And there are also joinders with additional arguments.

To these arguments and the motion, I apply the plausibility standards developed in the cases of *Ashcroft versus Iqbal* and *Bell Atlantic Corp. versus Twombly*. Under those standards, to survive a motion to dismiss a complaint must contain sufficient factual matter accepted as true to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the Court to draw the reasonable inference that the defendant is liable for the misconduct

alleged.

In considering a motion to dismiss for failure to state a claim like this one and joinders like these, I accept all of the well-pled factual allegations in the complaint as true, and I construe those allegations in the light most favorable to the plaintiff. That's what the law requires.

While a plaintiff is not required to plead detailed factual allegations, a plaintiff must offer more than labels and conclusions or a formulaic recitation of the elements of a cause of action. And factual allegations must be enough to raise a right to relief above the speculative level.

I also note that motions to dismiss under FRCP 12(b)(6) are decided based on the allegations in the complaint and anything attached to the complaint itself, and the Court disregards any additional evidence or any declarations or affidavits submitted in support of the motion to dismiss or the joinders. Those are not something the Court considers on a motion to dismiss under 12(b)(6). Those might come into play later in a case, later in litigation under the summary judgment rules, but at this point it's the four corners of the complaint and anything attached to the complaint that I'm looking at to decide if the rule has been satisfied.

So I am not going to take the opportunity at this point to consider allegations in additional declarations or affidavits that have been submitted because it's just too

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

early.  And if I were to do that, I would have to transform this motion to dismiss into a motion for summary judgment, and there would be different rules that apply to it.  And I'm just not going to do that because no discovery has taken place here.  It would be premature.

So applying the plausibility standards, I deny the motion and the joinders.  As we talked about during the oral argument, the legal foundation of the bulk of the defendants' arguments is hallucinated, made-up cases or legal propositions.  And this has -- this has caused the trustworthiness of those allegations and those arguments to take a hit.

But separately on the merits of the arguments, the defendants' arguments fail.  First, these claims are not barred by any claim preclusion or *res judicata* or claim bar.  This is an action for breach of a settlement agreement.  No claim here is duplicative of the prior suit before Judge Koppe.  These claims are distinct, and the claim preclusion doctrines that the defendants are relying on do not apply to these claims.  The plaintiff has the legal right to pursue claims arising after those from the original suit and also to pursue claims related to this settlement agreement.

It also appears that this Court has subject-matter jurisdiction over this case.  The Ninth Circuit case in the motion -- cited in the motion in support of the challenge on

this basis isn't a real case.  And though there is a case by that name out of the DC Circuit, it does not stand for the propositions that the defense claims.  The allegations in the complaint establish here diversity jurisdiction.

The fraudulent transfer claim is stated with sufficient particularity based on all of the allegations in the complaint.  Although claims sounding in fraud must be stated with particularity, the plaintiff has alleged the level of specificity required by Federal Rule of Civil Procedure 9(b) and the cases out of the Ninth Circuit that are called *Vess*, V-e-s-s, and also the *Ebeid versus Lungwitz* case, E-b-e-i-d versus L-u-n-g-w-i-t-z, based on the level of knowledge that the plaintiff can have at this time in the exercise of reasonable diligence.

The confession of judgment also does not bar these claims because the settlement agreement expressly says that the plaintiff, quote, may file it or may not file it.  And that the decision of whether or not to file the confession of judgment, quote, shall not affect any other rights or remedies available to CCTC in connection, end quote, with the settlement agreement.  Again, that's § 2(i) of the settlement agreement, which is in the record at Document 1-1.

The breach of the implied covenant claim is fully pled, and it is not duplicative.  I was -- I was not certain of the propriety of or need for the declaratory relief claim.

But based on Mr. Barney's exclamation -- explanation, I don't find that it is an inappropriate claim at this time.

At this early stage in a case, plaintiffs are permitted to plead contradictory claims, claims that contradict one another or are duplicative. The rules of pleading permit that. So I don't find that the declaratory relief claim needs to be dismissed for that reason.

The damages claims are sufficiently pled using the standard language that is included in claims for relief that are filed in this courthouse. And the claims -- I don't find that any of the claims against either Hannah or Shivahi are improperly pled based on their -- based on the absence of allegations of their individual liability because they are sued in the breach claims based on their capacity as a trustee of Capital Pure and not individually. So there's a distinction under the law.

So for all of those reasons, I do find that all of these claims are -- are properly pled at this early stage under the plausibility standards that apply at this time. So for those reasons the motion and all the joinders are denied.

I'm going to give you 20 days for you to each file your answers to the complaint. So you got 20 days. And I will just reiterate, because you are all individually appearing in this case and representing yourselves without lawyers -- it's true none of you is a lawyer; is that right?

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR

**MS. HANNAH PRAKASH:**  Yes, Your Honor.

**MR. SHIVA PRAKASH:**  Yes, Your Honor.

**THE COURT:**  Okay.  So you're each going to have to file documents for yourself.  One of you can't file on behalf of everyone else.  At a minimum each -- all of you will have to sign a document if it's intended to be on behalf of all of you.  So it doesn't mean you have to file four separate documents.  It does mean, though, that all four of you would need to sign the document and submit it on your own behalves individually that way.

And are there any questions?  Mr. Barney, I'll start with you.

**MR. BARNEY:**  Your Honor, I just want to clarify one thing that, I apologize, I didn't clarify earlier.  That the breach claim against Shivahi and Hannah is made against Shivahi only in her capacity as representative as a trustee.  Against Hannah, though, it's as trustee and separately as an individual because she is a signer of the settlement agreement.

**THE COURT:**  So Shivahi is the one who did not sign the settlement agreement?

**MR. BARNEY:**  That's correct.

**THE COURT:**  So to the -- okay.  So thank you.  I appreciate that clarification.

So the breach of -- the breach claims are not against

anyone individually who didn't personally sign the settlement agreement?

**MR. BARNEY:**  That's correct, Your Honor.

**THE COURT:**  Okay.  Thank you.  I appreciate that.

**MR. BARNEY:**  Thank you, Your Honor.

**THE COURT:**  Any questions while we're here?

**MR. SHIVA PRAKASH:**  No, Your Honor.

**THE COURT:**  Okay.  Again, 20 days from today is when your answers will be due.

**MR. SHIVA PRAKASH:**  Yes, Your Honor.

**THE COURT:**  Okay.  Thanks, everyone.  Have a good day.  We're adjourned.

*(Proceedings adjourned at 1:52 p.m.)*

--o0o--

COURT REPORTER'S CERTIFICATE

I, AMBER McCLANE, Official Court Reporter, United States District Court, District of Nevada, Las Vegas, Nevada, do hereby certify that pursuant to 28 U.S.C. § 753 the foregoing is a true, complete, and correct transcript of the proceedings had in connection with the above-entitled matter.

DATED:  12/19/2025

/s/_____*Amber M. McClane*_____
AMBER McCLANE

UNITED STATES DISTRICT COURT
Amber McClane, RPR, CRR