Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
         dbarney@sklar-law.com
*Attorneys for Plaintiff*
*CC Technology Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>                     Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>                     Defendants. | Case No. 2:25:cv-02123-JAD-BNW<br><br>**JOINT CONFERENCE REPORT UNDER RULE 26(f) AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER**<br><br>**SPECIAL SCHEDULING REVIEW REQUESTED** |

Plaintiff CC Technology Corporation ("CCTC"), by and through its counsel of record, the law firm of Sklar Williams PLLC, and Defendants Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, and Shivahi Prakash (collectively, "Defendants") respectfully submit the following Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order.  **The parties have agreed to the contents of this Stipulated Discovery Plan and Scheduling Order,**

1

**except with respect to the structure of discovery, and the parties' positions on that issue are addressed below**.

In accordance with Fed. R. Civ. P. 26(f) and LR 26-1, Joseph P. Waldman, Esq., on behalf of CCTC, and Defendants Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, and Shivahi Prakash, in pro per, convened over a conference call on December 22, 2025. During the conference, the parties discussed the matters required under Fed. R. Civ. P. 26(f), and they respectfully submit the following Stipulated Discovery Plan and Scheduling Order:

1. The parties agree to the following Scheduling Order:

| Event | Date |
|---|---|
| Discovery Cut-Off Date | **May 13, 2026**<br><br>(Defendant Shiva Prakash was the first Defendant to appear and filed his Motion to Dismiss (ECF No. 4) on November 14, 2025. The Discovery Cut-Off date is 180 days from that date) |
| Amending Pleadings and Adding Parties | **February 12, 2026**<br><br>(90 days before Discovery Cut-Off Date) |
| Initial Expert Disclosures | **March 16, 2026 (next judicial day)**<br><br>(60 days before Discovery Cut-Off Date) |
| Rebuttal Expert Disclosures | **April 15, 2026**<br><br>(30 days after the Initial Expert Disclosures) |
| Dispositive Motion Deadline | **June 12, 2026**<br><br>(30 days after Discovery Cut-off date) |
| Pretrial Order | **July 13, 2026 (next judicial day)**<br><br>(30 days after the Dispositive Motion Deadline unless dispositive motions are filed, in which case the deadline for filing the joint pretrial order will be suspended until 30 days after decision on the dispositive motions or further court order) |

The disclosures required by Fed. R. Civ. P. 26(a)(3), and any objections to them, must be included in the joint pretrial order. LR 26-1(b)(6).

2. With regard to alternative dispute resolution processes, including arbitration and mediation, the parties do not believe arbitration or mediation is appropriate at this time, but remain willing to discuss the possibility throughout the duration of litigation. LR 26-1(b)(7).

3. Consent to Trial by a Magistrate Judge. With regard to trial by a magistrate judge, the parties do not consent to trial by Magistrate Judge in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 73. The parties also do not consent to the use of the Short Trial Program (General Order 2013-01). LR 26-1(b)(8).

4. The parties agree to and propose the following Discovery Plan:

    a. The parties do not need any changes in timing, form, or requirements for initial disclosures made under Rule 26(a), and will make their initial disclosures on January 5, 2026. Initial disclosures will contain information and documents as required by Rule 26(a)(1).

    b. **Structure of Discovery**.

        i. **Plaintiff's Position**: There should be no changes to discovery, and discovery should be allowed on all claims and defenses in this matter in accordance with the Federal Rules of Civil Procedure and this Court's Local Rules.

        ii. **Defendants' Position**: The parties have discussed the scope of discovery expected in this matter. Defendants anticipate that discovery should proceed consistent with Fed. R. Civ. P. 26(b)(1), including relevance and proportionality considerations, and that discovery sequencing may be appropriate and efficient given the nature of the claims and the presence of multiple pro se defendants. The parties reserve all rights to object to specific discovery requests on the grounds of relevance, proportionality, burden, or privilege. Defendants further propose that discovery proceed in a document-first sequence. The timing and scope of any depositions should be addressed following the exchange of initial disclosures and document production, consistent with efficiency and proportionality.

    c. The parties have agreed that the inadvertent production of documents, materials or information that is privileged or otherwise protected from discovery should not constitute a waiver of such privilege or protection, so long as the producing party took reasonable steps to prevent the disclosure; makes a written request for the return of the documents, material

3

or information within a reasonable time after disclosure, and identifies in writing the grounds on which it asserts the information is privileged or otherwise protected. The parties ask that the Court include this agreement in an order pursuant to Federal Rule of Evidence 502.

     5.    In accordance with Fed. R. Civ. P. 5(b)(F), the following parties consent to service of documents in this matter by e-mail, delivered to the following e-mail address(es) for each party as shown below:

    a.    For Plaintiff: shackett@sklar-law.com; dbarney@sklar-law.com; jwaldman@sklar-law.com; juriostegui@sklar-law.com;

    b.    For Shiva Prakash: shiva1863@gmail.com;

    c.    For Hannah Dawn Prakash: hdplvs@gmail.com;

    d.    For Vikhyat Prakash: shfamilybills@gmail.com; and

    e.    For Shivahi Prakash: theprakashfamilylv@gmail.com.

IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE

DATED: _____

Respectfully submitted this 24th day of December, 2025.

SKLAR WILLIAMS PLLC

 */s/ David B. Barney*                          */s/ Shiva Prakash*
Stephen R. Hackett, Esq.                  Shiva Prakash
Nevada Bar No. 5010                     *Pro Se Defendant*
David B. Barney, Esq.
Nevada Bar No. 14681
410 S. Rampart Blvd., Suite 350
Las Vegas, NV 89145
*Attorneys for Plaintiff*
*CC Technology Corporation*

/ / /

 /s/ Hannah Dawn Prakash   
Hannah Dawn Prakash  
*Pro Se Defendant*

 /s/ Vikhyat Prakash   
Vikhyat Prakash  
*Pro Se Defendant*

 /s/ Shivahi Prakash   
Shivahi Prakash  
*Pro Se Defendant*

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 24th day of December, 2025, a true and correct copy of the above and foregoing **JOINT CONFERENCE REPORT UNDER RULE 26(f) AND STIPULATED DISCOVERY PLAN AND SCHEDULING ORDER** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

                                              */s/ Jessica Uriostegui*
                                              An employee of Sklar Williams PLLC