BRIAN K. TERRY, ESQ.
Nevada Bar No. 3171
THORNDAL ARMSTRONG, PC
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Tel.: (702) 366-0622
Fax: (702) 366-0327
E-Mail: bkt@thorndal.com
Attorneys for Defendant,
DGITK LLC

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>     Plaintiff,<br>vs.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>     Defendants. | CASE NO. 2:25-cv-02123-JAD-BNW<br><br>**DEFENDANT DGITK LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** |

/ / /

/ / /

-1-

## DEFENDANT DGITK LLC'S ANSWER TO PLAINTIFF'S COMPLAINT

COMES NOW, defendant, DGITK LLC, by and through its counsel of record, Thorndal Armstrong, PC and hereby answers plaintiff, CC Technology Corporation's complaint on file herein and admits, denies, and alleges as follows:

### THE PARTIES

1. Answering paragraph 1 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the complaint, and therefore denies the same.

2. Answering paragraph 2 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 2 of the complaint, and therefore denies the same.

3. Answering paragraph 3 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 3 of the complaint, and therefore denies the same.

4. Answering paragraph 4 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 4 of the complaint, and therefore denies the same.

5. Answering paragraph 5 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 5 of the complaint, and therefore denies the same.

6. Answering paragraph 6 of the complaint, this answering defendant admits that it is a Delaware Limited Liability company. However, as to all other allegations contained in paragraph 6, same are denied.

7. Answering paragraph 7 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 7 of the complaint, and therefore denies the same.

8. Answering paragraph 8 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 8 of the complaint, and therefore denies the same.

9. Answering paragraph 9 of the complaint, this answering defendant herein denies the allegations therein.

## JURISDICTION AND VENUE

10. Answering paragraph 10 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the complaint, and therefore denies the same.

11. Answering paragraph 11 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the complaint, and therefore denies the same.

## GENERAL ALLEGATIONS

**A. Defendants' Standby Letter of Credit Scheme.**

12. Answering paragraph 12 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the complaint, and therefore denies the same.

13. Answering paragraph 13 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13 of the complaint, and therefore denies the same.

14. Answering paragraph 14 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the complaint, and therefore denies the same.

15. Answering paragraph 15 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15 of the complaint, and therefore denies the same.

16. Answering paragraph 16 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16 of the complaint, and therefore denies the same.

17. Answering paragraph 17 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17 of the complaint, and therefore denies the same.

**B. Defendants File a Meritless Lawsuit, and CCTC Asserts Counterclaims in Connection with the SBLC Scheme.**

18. Answering paragraph 18 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18 of the complaint, and therefore denies the same.

19. Answering paragraph 19 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19 of the complaint, and therefore denies the same.

20. Answering paragraph 20 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20 of the complaint, and therefore denies the same.

21.     Answering paragraph 21 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21 of the complaint, and therefore denies the same.

**C. The Parties Enter into a Settlement Agreement to Resolve the Lawsuit, and Defendants Immediately Breach It.**

22.     Answering paragraph 22 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22 of the complaint, and therefore denies the same.

23.     Answering paragraph 23 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the complaint, and therefore denies the same.

24.     Answering paragraph 24 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24 of the complaint, and therefore denies the same.

25.     Answering paragraph 25 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25 of the complaint, and therefore denies the same.

26.     Answering paragraph 26 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26 of the complaint, and therefore denies the same.

27.     Answering paragraph 27 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27 of the complaint, and therefore denies the same.

28. Answering paragraph 28 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28 of the complaint, and therefore denies the same.

29. Answering paragraph 29 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29 of the complaint, and therefore denies the same.

30. Answering paragraph 30 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30 of the complaint, and therefore denies the same.

31. Answering paragraph 31 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31 of the complaint, and therefore denies the same.

32. Answering paragraph 32 of the complaint, this answering defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32 of the complaint, and therefore denies the same.

33. Answering paragraph 33 of the complaint, this answering defendant herein denies the allegations therein.

34. Answering paragraph 34 of the complaint, this answering defendant herein denies the allegations therein.

35. Answering paragraph 35 of the complaint, this answering defendant herein denies the allegations therein.

/ / /

/ / /

# FIRST CLAIM FOR RELIEF

## (Breach of Contract – against Shiva, Hannah, Shivahi, Vikhyat, Chrisman, P.C., and Chrisman)

36. Answering paragraph 36 of the complaint, this answering defendant repeats and realleges each and every response to paragraphs 1 through 35 of the complaint as if set forth therein.

37. Answering paragraph 37 of the complaint, no charging allegations are contained in paragraph 37 to which this answering defendant need reply. Only allegations are made regarding the contract entered into between CCTC and the remaining defendants. However, if any charging allegations are contained in paragraph 37 against this answering defendant, same are denied.

38. Answering paragraph 38 of the complaint, no charging allegations are contained in paragraph 38 to which this answering defendant need reply. Only allegations are made regarding the contract entered into between CCTC and the remaining defendants. However, if any charging allegations are contained in paragraph 38 against this answering defendant, same are denied.

39. Answering paragraph 39 of the complaint, no charging allegations are contained in paragraph 39 to which this answering defendant need reply. Only allegations are made regarding the contract entered into between CCTC and the remaining defendants. However, if any charging allegations are contained in paragraph 39 against this answering defendant, same are denied.

40. Answering paragraph 40 of the complaint, no charging allegations are contained in paragraph 40 to which this answering defendant need reply. Only allegations are made regarding the contract entered into between CCTC and the remaining defendants. However, if

any charging allegations are contained in paragraph 40 against this answering defendant, same are denied.

41. Answering paragraph 41 of the complaint, this answering defendant admits that plaintiff has retained counsel. However, regarding all other allegations contained in paragraph 41, same are denied.

## SECOND CLAIM FOR RELIEF

**(Breach of the Implied Covenant of Good Faith and Fair Dealing – against Shiva, Hannah, Shivahi, Vikhyat, Chrisman, P.C., and Chrisman)**

42. Answering paragraph 42 of the complaint, this answering defendant repeats and realleges each and every response to paragraphs 1 through 41 of the complaint as if set forth therein.

43. Answering paragraph 43 of the complaint, no charging allegations are contained in paragraph 43 to which this answering defendant need reply. Only a legal assertion concerning the implied covenant of good faith and fair dealing is contained therein. However, if any charging allegations are contained in paragraph 43 against this answering defendant, same are denied.

44. Answering paragraph 44 of the complaint, no charging allegations are contained in paragraph 44 to which this answering defendant need reply. Only a legal assertion concerning the implied covenant of good faith and fair dealing is contained therein. However, if any charging allegations are contained in paragraph 44 against this answering defendant, same are denied.

/ / /

/ / /

45. Answering paragraph 45 of the complaint, no charging allegations are contained in paragraph 45 to which this answering defendant need reply. Only a legal assertion regarding a breach of the contract between CCTC and the remaining defendants is contained therein. However, if any charging allegations are contained in paragraph 45 against this answering defendant, same are denied.

46. Answering paragraph 46 of the complaint, no charging allegations are contained in paragraph 46 to which this answering defendant need reply. Only a legal assertion regarding a breach of the contract between CCTC and the remaining defendants is contained therein. However, if any charging allegations are contained in paragraph 46 against this answering defendant, same are denied.

47. Answering paragraph 47 of the complaint, this answering defendant admits that plaintiff has retained counsel. However, regarding all other allegations contained in paragraph 47, same are denied.

### THIRD CLAIM FOR RELIEF

**(Fraudulent Transfer under NRS 112.180–112.190 – against all Defendants)**

48. Answering paragraph 48 of the complaint, this answering defendant repeats and realleges each and every response to paragraphs 1 through 17 of the complaint as if set forth therein.

49. Answering paragraph 49 of the complaint, no charging allegations are contained in paragraph 49 to which this answering defendant need reply. Only a legal assertion concerning the ramifications of NRS 112.180 are contained therein. However, if any charging allegations are contained in paragraph 49 against this answering defendant, same are denied.

///

///

50. Answering paragraph 50 of the complaint, no charging allegations are contained in paragraph 50 to which this answering defendant need reply. Only a legal assertion concerning the ramifications of NRS 112.190 are contained therein. However, if any charging allegations are contained in paragraph 50 against this answering defendant, same are denied.

51. Answering paragraph 51 of the complaint, this answering defendant herein denies the allegations therein.

52. Answering paragraph 52 of the complaint, this answering defendant herein denies the allegations therein.

53. Answering paragraph 53 of the complaint, this answering defendant herein denies the allegations therein.

54. Answering paragraph 54 of the complaint, this answering defendant herein denies the allegations therein.

55. Answering paragraph 55 of the complaint, this answering defendant herein denies the allegations therein.

56. Answering paragraph 56 of the complaint, this answering defendant admits that plaintiff has retained counsel. However, regarding all other allegations contained in paragraph 56, same are denied.

## FOURTH CLAIM FOR RELIEF

**(Declaratory Relief – against Shiva, Hannah, and Shivahi)**

57. Answering paragraph 57 of the complaint, this answering defendant repeats and realleges each and every response to paragraphs 1 through 56 of the complaint as if set forth therein.

/ / /

/ / /

-10-

58. Answering paragraph 58 of the complaint, no charging allegations are contained in paragraph 58 to which this answering defendant need reply. Only a legal assertion concerning NRS 30.030 is contained therein. However, if any charging allegations are contained in paragraph 58 against this answering defendant, same are denied.

59. Answering paragraph 59 of the complaint, no charging allegations are contained in paragraph 59 to which this answering defendant need reply. Only a factual assertion regarding the agreement between CCTC and Shiva and Capital Pure is contained therein. However, if any charging allegations are contained in paragraph 59 against this answering defendant, same are denied.

60. Answering paragraph 60 of the complaint, no charging allegations are contained in paragraph 60 to which this answering defendant need reply. Only a factual assertion regarding the agreement between CCTC and Shiva and Capital Pure is contained therein. However, if any charging allegations are contained in paragraph 60 against this answering defendant, same are denied.

61. Answering paragraph 61 of the complaint, no charging allegations are contained in paragraph 61 to which this answering defendant need reply. Only a factual assertion regarding the agreement between CCTC and Shiva and Capital Pure is contained therein. However, if any charging allegations are contained in paragraph 61 against this answering defendant, same are denied.

62. Answering paragraph 62 of the complaint, no charging allegations are contained in paragraph 62 to which this answering defendant need reply. Only a factual assertion regarding the agreement between CCTC and Shiva and Capital Pure is contained therein. However, if any charging allegations are contained in paragraph 62 against this answering defendant, same are denied.

63. Answering paragraph 63 of the complaint, this answering defendant admits that plaintiff has retained counsel. However, regarding all other allegations contained in paragraph 63, same are denied.

## AFFIRMATIVE DEFENSES

The following affirmative defenses based upon information and belief have evidentiary support or, as to each one of the following affirmative defenses, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery.

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's complaint fails to state a claim upon which relief can be granted against this answering defendant.

### SECOND AFFIRMATIVE DEFENSE

The occurrence referred to in plaintiff's complaint, and all damages, if any, arising therefrom, were caused by the acts or omissions of a third person or persons over whom this answering defendant had no control.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff has failed to mitigate its damages.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable Doctrine of Laches.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's complaint is barred by the applicable statute of limitations.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiff is barred from recovering any special damages herein for failure to specifically allege the types of special damages claimed, pursuant to Rule 9(g), Nevada Rules of Civil Procedure.

## SEVENTH AFFIRMATIVE DEFENSE

Under the laws of this jurisdiction and any other applicable laws of any other jurisdiction, punitive damages are not recoverable.

## EIGHTH AFFIRMATIVE DEFENSE

Punitive damages are not recoverable against this answering defendant as no facts exist to support the allegations if this answering defendant is guilty of malice, oppression or fraud.

## NINTH AFFIRMATIVE DEFENSE

The statutory requisites for punitive damages are not appropriately pled nor supported by the facts of the instant case.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff is constrained from asserting any claims against this answering defendant because plaintiff has not come before this court with clean hands.

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff is estopped from asserting any cause of action what so ever against this answering defendant.

## TWELFTH AFFIRMATIVE DEFENSE

The liability of defendants, if any, is several.

## THIRTEENTH AFFIRMATIVE DEFENSE

This answering defendant had no notice of the alleged incident which is referenced in the complaint, thus is not liable to plaintiff.

## FOURTEENTH AFFIRMATIVE DEFENSE

At all times and places alleged in the complaint the statutory requisites of NRS 42.007 imposing exemplary of punitive damages for the wrongful act of an employee are not met.

///

-13-

### FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff fails to allege with sufficient specificity the underlying facts to support a claim of fraud.

### SIXTEENTH AFFIRMATIVE DEFENSE

Pursuant to NRCP§11, all possible affirmative defenses may not have been alleged herein insofar as sufficient facts were not available after reasonable inquiry upon the filing of defendant, DGITK LLC's, answer to plaintiff's complaint, and therefore, this answering defendant reserves the right to amend its answer to the complaint to allege additional affirmative defenses if subsequent investigation so warrants.

### PRAYER FOR RELIEF

WHEREFORE, defendant, DGITK LLC, prays for judgment as follows:

1. That plaintiff takes nothing by reason of the complaint on file herein;

2. That the same be dismissed with prejudice; and

3. This answering defendant be awarded costs and reasonable attorney's fees incurred herein.

DATED this 15th day of January, 2026.

THORNDAL ARMSTRONG, PC

_____
Brian K. Terry, Esq.
Nevada Bar No. 3171
600 S. Las Vegas Blvd., Suite 400
Las Vegas, Nevada 89101
Attorneys for Defendant,
DGITK LLC

-14-

## CERTIFICATE OF SERVICE

Pursuant to FRCP 5(b), I hereby certify that on this 15th day of January, 2026, a true and correct copy of the foregoing **DEFENDANT DGITK LLC'S ANSWER TO PLAINTIFF'S COMPLAINT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada. CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

_____
An employee of THORNDAL ARMSTRONG, PC