1  JAMES P. CHRISMAN, ESQ.
   Nevada Bar #002676
2  JAMES CHRISMAN, PC
   PO Box 750939
3  Las Vegas, NV 89136
   Tel. (702) 308-8288
4  Email: james@jameschrisman.com
   *ATTORNEYS FOR DEFENDANTS*
5  *JAMES P, CHRISMAN,& JAMES CHRISMAN P.C.*

6

7

8

9                    **UNITED STATES DISTRICT COURT**

10                          **DISTRICT OF NEVADA**

11  CC TECHNOLOGY CORPORATION, A           Case No.: 2:25-cv-02123-JAD-BNW
    COLORADO CORPORATION,
12
    Plaintiff,
13  vs.                                    **ANSWER**

14  SHIVA PRAKASH, an individual; HANNAH
    DAWN PRAKASH, in an individual capacity **[JURY TRIAL DEMANDED]**
15  and as Trustee of Capital Pure Assets, Ltd, a
    dissolved Nevada limited liability company;
16  SHIVAHI PRAKASH, as Trustee of Capital
    Pure Assets, LTD, a dissolved Nevada limited
17  liability company; VIKHYAT PRAKASH, an
    individual; DGITK LLC, a Delaware limited
18  liability company; JAMES CHRISMAN, P.C.,
    a Nevada professional corporation; JAMES P.
19  CHRISMAN, an individual; DOES 1 through
    10, inclusive; and ROE ENTITIES I through
20  X, inclusive,

21  Defendants.

22

23

24

25       Comes Now, Defendants JAMES P. CHRISMAN, individually, and JAMES

26  CHRISMAN,  P.C., a Nevada Professional Corporation, to Answer Plaintiff's Complaint

27

28
                              Page 1 of 9

pursuant to Rule 8 of the Federal Rules of Civil Procedure. Except as expressly admitted, all allegations therein are expressly denied.

## THE PARTIES

Paragraph 1.   Defendants lacks sufficient knowledge or information to admit or deny the allegations regarding Plaintiff allegations and, therefore, deny them.

Paragraph 2.   Defendants admit that Shiva Prakash is an individual residing in Clark County, Nevada.

Paragraph 3.   Defendants admit that Hannah Dawn Prakash is an individual residing in Clark County, Nevada.

Paragraph 4.   Defendants admit that Shivahi Prakash is an individual residing in Clark County, Nevada.

Paragraph 5.   Defendants admit that Vikhyat Prakash is an individual residing in Clark County, Nevada.

Paragraph 6.   Defendants lack sufficient knowledge or information to admit or deny the allegations regarding DGITK LLC and, therefore, deny them.

Paragraph 7.   Defendants admit.

Paragraph 8.   Defendants admit.

Paragraph 9.   Defendants lacks sufficient knowledge or information to admit or deny the allegations regarding Does 1 through 10 and Roe Entities I through X and therefore deny them.

## JURISDICTION AND VENUE

Paragraph 10.   Defendants lack sufficient knowledge or information to admit or deny the allegations therein and, therefore, deny them.

Paragraph 11.  Defendants lack sufficient knowledge or information to admit or deny the allegations therein and, therefore, deny them.

## **GENERAL ALLEGATIONS**

Paragraph 12.  Defendants deny the allegations.

Paragraph 13.  Defendants admit that James Chrisman. P.C. agreed to serve as a paymaster on an amount to be deposited into the firm's IOLTA Trust Account which was never deposited into said IOLTA Trust account, and deny the remaining allegations therein.

Paragraph 14.   Defendants admit that James Chrisman. P.C. agreed to serve as a paymaster on an amount to be deposited into the firm's IOLTA Trust account which was never deposited into said IOLTA Trust account, and deny the remaining allegations therein.

Paragraph 15.  Defendants deny the allegations.

Paragraph 16.  Defendants admit that demands were made upon them and deny the remaining allegations.

Paragraph 17.  Defendants lack sufficient knowledge or information to admit or deny the allegations in Paragraph 17 and, therefore, deny them.

Paragraph 18.  Defendants admit that prior litigation that these answering Defendants did not participate in or cause to be filed and that the Plaintiff then frivolously dragged Defendants into, which was settled in its entirety upon the demands and assistance of the Defendants with an Order dismissing them from the same with prejudice and Defendants deny any implication that such litigation establishes liability in this action as to them and any other allegations therein.

Paragraph 19.  Defendants admit that pleadings were filed in prior litigation which were ultimately dismissed with prejudice specifically including them. Said pleadings speak for

themselves and Defendants deny Plaintiff's blatant lies and mischaracterizations of those pleadings such that the Plaintiff's counsel have violated FRCP 11 in a sanctionable manner.

Paragraph 20. Defendants admit that funds were deposited with the Court pursuant to court order. Defendants deny the remaining allegations and characterizations and specifically as to these answering Defendants deny Plaintiff's blatant lies and mischaracterizations of those pleadings such that the Plaintiff's counsel have violated FRCP 11 in a sanctionable manner.

Paragraph 21. Defendant admits that the parties engaged in settlement negotiations that were encouraged and assisted by these answering Defendants. Defendants deny any allegation that such negotiations evidence bad faith or wrongdoing by them.

## **SETTLEMENT AGREEMENT ALLEGATIONS**

Paragraph 22. Defendants admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 23. Defendants admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 24. Defendants deny that they are required to make any payments, admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 25. Defendants deny that they are required to make any payments, admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 26. Defendants deny that they are required to make any payments, admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 27.  Defendants deny that they are required to make any payments, admit that a Settlement Agreement was reached which speaks for itself and denies the remaining allegations therein.

Paragraph 28.  Defendants deny the allegations therein.

Paragraph 29.  Defendants deny the allegations therein.

Paragraph 30.  Defendants deny the allegations therein

Paragraph 31.  Defendants deny the allegations therein

Paragraph 32.  Defendants deny the allegations therein

Paragraph 33.  Defendants deny the allegations therein.

Paragraph 34.  Defendants deny the allegations therein

Paragraph 35.  Defendants deny the allegations therein.

### FIRST CLAIM FOR RELIEF

*(Breach of Contract)*

Paragraph 36.  Defendants incorporate by reference their responses to Paragraphs 1 through 35 as if fully set forth herein.

Paragraph 37.  Defendants deny the allegations therein as against them.

Paragraph 38.  Defendants deny the allegations therein as against them.

Paragraph 39.  Defendants deny the allegations therein as against them.

Paragraph 40.  Defendants deny the allegations therein as against them.

Paragraph 41.  Defendants deny the allegations therein as against them.

### SECOND CLAIM FOR RELIEF

*(Implied Covenant of Good Faith and Fair Dealing)*

Paragraph 42. Defendants incorporate by reference their responses to Paragraphs 1 through 41 as if fully set forth herein.

Paragraph 43. Defendants deny the allegations therein as against them.

Paragraph 44. Defendants deny the allegations therein as against them.

Paragraph 45. Defendants deny the allegations therein as against them.

Paragraph 46. Defendants deny the allegations therein as against them.

Paragraph 47. Defendants deny the allegations therein as against them.

### THIRD CLAIM FOR RELIEF

*(Fraudulent Transfer under NRS 112.180–112.190)*

Paragraph 48. Defendants incorporate by reference their responses to Paragraphs 1 through 47 as if fully set forth herein.

Paragraph 49. Defendants deny the allegations therein as against them.

Paragraph 50. Defendants deny the allegations therein as against them.

Paragraph 51. Defendants deny the allegations therein as against them.

Paragraph 52. Defendants deny the allegations therein as against them.

Paragraph 53. Defendants deny the allegations therein as against them.

Paragraph 54. Defendants deny the allegations therein as against them.

Paragraph 55. Defendants deny the allegations therein as against them.

Paragraph 56. Defendants deny the allegations therein as against them.

### FOURTH CLAIM FOR RELIEF

*(Declaratory Relief)*

Paragraph 57. Defendants deny the allegations incorporated to the extent they are denied above.

Paragraph 58.  Defendants deny the allegations therein as against them.

Paragraph 59.  Defendants deny the allegations therein as against them.

Paragraph 60.  Defendants deny the allegations therein as against them.

Paragraph 61.  Defendants deny the allegations therein as against them.

Paragraph 62.  Defendants deny the allegations therein as against them.

Paragraph 63.  Defendants deny the allegations therein as against them.

## AFFIRMATIVE DEFENSES

Without assuming any burden not required by law, Defendants assert the following affirmative defenses:

1. Failure to state a claim upon which relief can be granted.
2. No contractual privity.
3. Breach of the Covenant of Good Faith and Fair dealing by Plaintiff and its representatives.
4. Breach of Contract by Plaintiffs and their representatives.
5. Lack of personal involvement or participation.
6. No personal liability.
7. Failure of conditions precedent.
8. Claim preclusion and issue preclusion.
9. Fraudulent transfer elements not met.
10. Punitive damages barred or limited as a matter of law.
11. Attorney fees barred or limited absent a valid contractual or statutory basis and proper proof.

12. That, pursuant to the contract, Defendants are owed a duty to be defended and indemnified by the Plaintiffs which the Plaintiffs have continually breached and Defendants again demand that they fully defend and indemnify them herein.

13. Reservation of the right to assert additional defenses, assert counterclaims and third-party complaints as discovery progresses.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants JAMES P. CHRISMAN and JAMES CHRISMAN P.C. **demand trial by jury** and respectfully requests that Plaintiff take nothing by way of its Complaint, that judgment be entered in their favor, and that the Court grant such other and further relief as it deems just and proper.

Dated this 15th day of January 2026.

_Jas P. Chrisman_
James P. Chrisman, Esq.

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 15th day of January, 2026, a true and correct copy of the foregoing ANSWER TO COMPLAINT was filed by the person below with the Clerk of the Court at the United States District Court, District of Nevada via PACER.

The undersigned further certifies that service was accomplished on all counsel of record via the Court's CM/ECF system, which provides electronic notice to all registered participants.

Dated this 15th day of January, 2026.

_____
James P. Chrisman
for James Chrisman P.C
Nevada Bar #2676