Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
        dbarney@sklar-law.com
*Attorneys for Plaintiff*
*CC Technology Corporation*

# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>   Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>   Defendants. | Case No. 2:25-cv-02123-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE**<br><br>**(Second Requested Extension of Discovery)** |

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff CC Technology Corporation ("Plaintiff") and Defendants Shiva Prakash, Hannah Dawn Prakash, Shivahi Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Defendants"), hereby submit this Stipulation and Order to Extend Discovery Deadline (Second Requested Extension of Discovery). The parties respectfully request that the Court extend the discovery deadline by approximately

1

forty-five (45) days, to afford them time to resolve their ongoing discovery disputes without court intervention, and to accommodate the parties' previously scheduled work obligations and travel schedules for deposition purposes.

**A.      PROCEDURAL HISTORY AND DISCOVERY COMPLETED**

1.      Plaintiff filed its Complaint (ECF No. 1; the "Complaint") on October 30, 2025, to initiate this lawsuit.

2.      On November 14, 2025, Defendant Shiva Prakash filed a Motion to Dismiss Entire Action with Prejudice (ECF No. 4; hereinafter, the "Motion to Dismiss"), and Defendants Vikhyat Prakash, Shivahi Prakash, and Hannah Dawn Prakash each filed Joinders to the Motion to Dismiss on November 18, 2025.  ECF Nos. 6, 7, 8.

3.      Plaintiff filed Oppositions to the Motion to Dismiss and to the Joinders, on November 28, 2025, and December 2, 2025, respectively (ECF Nos. 12, 17), and the above-referenced Defendants filed replies in support of the Joinders and the Motion to Dismiss on December 5, 2025, and December 8, 2025, respectively (ECF Nos. 17, 19).

4.      The Court held a hearing on the Motion to Dismiss, including the Joinders thereto, on December 16, 2025, at which it denied the relief sought by Defendants and set a setline for them to answer the Complaint within twenty days.  ECF No. 21.

5.      On December 24, 2025, the parties submitted a Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order (ECF No. 23).  The Court adopted the parties' Discovery Plan on December 29, 2025, in which it set the following discovery deadlines, as relevant to this Stipulation: (i) Discovery Cut-Off Date of May 13, 2026; (ii) Dispositive Motion Deadline of June 12, 2026; and (iii) Pretrial Order Deadline of July 13, 2026.  ECF No. 28.

6.      Also on December 29, 2025, Defendants Shivahi Prakash, Vikhyat Prakash, Hannah Dawn Prakash, and Shiva Prakash each filed an Answer to the Complaint.  ECF Nos. 29, 30, 31, and 32, respectively.

7.      The same day, Plaintiff served Defendants Shiva Prakash, Hannah Dawn Prakash, and Vikhyat Prakash each, with Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests

for Production of Documents, and (iii) Interrogatories.

8. Then-Defendant DGITK, LLC filed an Answer to Plaintiff's Complaint on January 15, 2026. ECF No. 34.

9. After the Default of Defendants James Chrisman, P.C. and James P. Chrisman was set aside by stipulation (ECF No. 40), such Defendants filed their Answer on January 16, 2026. ECF No. 37.

10. On January 27, 2026, Plaintiff served Defendant James P. Chrisman with Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories.

11. Plaintiff served the other parties with its initial disclosures on January 28, 2026.

12. Based on the timing of Defendants DGITK, LLC, James Chrisman, P.C., and James P. Chrisman's appearances in this case, the parties submitted a Supplemental Joint Conference Report under Rule 26(f) and Amended Stipulated Discovery Plan and Scheduling Order, in which they requested that the Court extend the discovery deadlines by approximately sixty days. ECF No. 41.

13. The Court granted the parties' amended discovery plan on February 4, 2026, which amended the above-referenced deadlines as follows: (i) Discovery Cut-Off Date of July 15, 2026; (ii) Dispositive Motion Deadline of August 14, 2026; and (iii) Pretrial Order Deadline of September 14, 2026.

14. On February 6, 2026, Defendant James P. Chrisman served Plaintiff with Responses to Plaintiff's First Set of Requests for Admission.

15. Defendants Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, and Shivahi Prakash each served their initial disclosures on February 12, 2026.

16. On February 13, 2026, after obtaining an extension of time to do so, Defendants Shiva Prakash, Hannah Dawn Prakash, and Vikhyat Prakash each served Plaintiff with their responses to Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories.

17.    Defendant DGITK, LLC served its initial disclosures on February 18, 2026, and Defendants James Chrisman, P.C. and James P. Chrisman served their initial disclosures on February 23, 2026.

18.    On March 16, 2026, Defendant James P. Chrisman served Plaintiff with his responses to Plaintiff's First Set of Interrogatories.

19.    After Defendant DGITK, LLC appeared in this case, such Defendant and Plaintiff engaged in informal discovery regarding Plaintiff's claims asserted against DGITK, LLC. DGITK, LLC served Plaintiff with its First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories on April 23, 2026, but DGITK, LLC was dismissed from this case without prejudice on June 3, 2026.  ECF No. 45.

20.    There remains an ongoing dispute regarding Defendant James P. Chrisman's responses to Plaintiff's First Set of Requests for Production of Documents, which have not yet been provided.  Defendant James P. Chrisman has represented that his electronic devices were stolen, and he is in the process of recovering everything so he can respond to Plaintiff's requests.

21.    Plaintiff has also attempted to set the depositions of Defendants Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, Shivahi Prakash, and James P. Chrisman, as well as third-parties Piers Tueller, Esq. and Ramez Ghally, Esq. in either June or July before the current discovery deadline, but has been unable to do so based on Defendants' stated scheduling conflicts, including (i) for Defendant James P. Chrisman, work obligations in Colorado until the first week of August, and (ii) for the remaining Defendants, travel plans through the first two weeks of July.

**B.    GROUNDS FOR EXTENSION OF DISCOVERY DEADLINE**

**1.    Local Rule IA 6-1**

Under LR IA 6-1, a stipulation to extend time must state the reasons for the extension requested and must inform the Court of all previous extensions of the subject deadline the Court has granted.  In this case, the Court has granted one extension of the discovery deadlines, based on the appearance of new parties approximately two months after the discovery period initially began. As further detailed herein, the reason for the extension requested herein is to provide additional

time for the parties to resolve their ongoing discovery disputes, and to accommodate Defendants' previously scheduled work obligations and travel.

### 2.    Local Rule 26-3

Under LR 26-3, a stipulation to extend any date set by a discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension.  LR 26-3 requires the following to be included in such a stipulation:

(a)    A statement specifying the discovery completed;

(b)    A specific description of the discovery that remains to be completed;

(c)    The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d)    A proposed schedule for completing the remaining discovery.

### a.    Discovery Completed

A list of the discovery completed to date is set forth in Section A, hereinabove.

### b.    Discovery that Remains to Be Completed

The remaining discovery includes resolving all pending discovery disputes, including, but not limited to, Defendant James P. Chrisman's response to Plaintiff's First Set of Requests for Production of Documents, and taking the depositions of the parties and third-party witnesses.  The parties may also seek to propound final sets of written discovery.

### c.    Reasons Why Discovery Has Not Been Completed

Discovery has not yet been completed, based on the theft of Defendant James P. Chrisman's electronic devices, and based on the schedules of Defendants including previously planned work obligations and travel plans.  Should the Court extend the discovery deadline as requested herein, the parties will promptly set the required depositions within the new discovery deadline.

### d.    Proposed Schedule

- Discovery Cut-Off: August 31, 2026.

- Dispositive Motion Deadline: September 30, 2026.

5

- Pretrial Order Deadline: October 30, 2026 (unless dispositive motions are filed, in which case the joint pretrial order deadline will be suspended until 30 days after the decision on the dispositive motions or further court order).

WHEREFORE, good cause existing, the parties hereby stipulate and request that the Court enter an Order approving the proposed deadlines set forth above.

IT IS SO STIPULATED.

Respectfully submitted this 18th day of June, 2026.

SKLAR WILLIAMS PLLC

/s/ David B. Barney_____        /s/ Shiva Prakash_____
Stephen R. Hackett, Esq. (NBN: 5010)    Shiva Prakash
David B. Barney, Esq. (NBN: 14681)      *Pro Se Defendant*
410 S. Rampart Blvd., Suite 350
Las Vegas, NV 89145
*Attorneys for Plaintiff*
*CC Technology Corporation*


/s/ Hannah Dawn Prakash_____         /s/ Vikhyat Prakash_____
Hannah Dawn Prakash                   Vikhyat Prakash
*Pro Se Defendant*                    *Pro Se Defendant*

JAMES CHRISMAN, PC

/s/ James P. Chrisman_____       /s/ Shivahi Prakash_____
James P. Chrisman, Esq. (NBN: 2676)    Shivahi Prakash
PO Box 750939                         *Pro Se Defendant*
Las Vegas, NV 89136
*Attorneys for Defendants*
*James P. Chrisman and James Chrisman, PC*


IT IS SO ORDERED.

_____
UNITED STATES MAGISTRATE JUDGE


DATED: ____June 22, 2026_____