Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile:  (702) 360-0000
Email: shackett@sklar-law.com
          dbarney@sklar-law.com
*Attorneys for Plaintiff*
*CC Technology Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No.: 2:25-cv-02123-JAD-BNW<br><br>**PLAINTIFF CC TECHNOLOGY CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>**ORAL ARGUMENT REQUESTED** |

Plaintiff CC Technology Corporation, by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Motion for Partial Summary Judgment under Fed. R. Civ. P. 56.

This Motion is made and based upon the following Memorandum of Points and Authorities, the exhibits attached hereto, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at a hearing on this matter.

1

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION**

Plaintiff CC Technology Corporation ("CCTC") and the Defendants entered into a settlement agreement to resolve a prior lawsuit between them in this Court, styled as *Capital Pure Assets, LTD v. CC Technology Corporation*, Case No. 2:24-cv-00680-NJK (hereinafter, the "Initial Lawsuit"). ECF No. 1-1, at 1. The settlement agreement required that the parties dismiss the Initial Lawsuit, and in exchange, the Defendants agreed to pay CCTC a total amount of $986,000, in quarterly payments. *Id.* at 2. But the Defendants failed to make a single one of these payments, and CCTC has not received the funds it was entitled to receive under the settlement agreement. There is no dispute as to any material fact, and CCTC is entitled to judgment as a matter of law on its claims for breach of contract and declaratory relief based on the settlement agreement.

**II.     STATEMENT OF UNDISPUTED FACTS**

- On April 8, 2024, a then-existent entity named Capital Pure Assets, Ltd. ("Capital Pure") filed a Complaint against CCTC, to initiate the Initial Lawsuit. A true and correct copy of the Complaint in the Initial Lawsuit is attached hereto as **Exhibit 1**.

- On June 17, 2024, CCTC filed an Answer and Counterclaim in the Initial Lawsuit, in which it asserted claims against Capital Pure, along with Shiva Prakash ("Shiva"), Hannah Dawn Prakash ("Hannah"), Vikhyat Prakash ("Vikhyat"), James Chrisman, P.C. ("Chrisman, P.C."), and James P. Chrisman ("Chrisman"). A true and correct copy of the Answer and Counterclaim in the Initial Lawsuit is attached hereto as **Exhibit 2**.

- On or about February 19, 2025, CCTC and Capital Pure, Shiva, Hannah, Vikhyat, Chrisman, and Chrisman, P.C., entered into a Mutual Release and Settlement Agreement (the "Settlement Agreement") to resolve, among other things, the claims asserted between them in the Initial Lawsuit. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit 3**.

- The Settlement Agreement defines the term "**Counter-defendants**," to mean and include "Capital Pure, Shiva, Hannah, Vikhyat, Chrisman, P.C., and Chrisman." Exhibit 3, at 1.

- The Settlement Agreement states the following regarding the Counter-defendants' obligation to make payments to CCTC:

> Beginning on April 1, 2025, and continuing for a period of twenty-one months thereafter, **the Counter-defendants shall make eight (8) quarterly payments to CCTC** in the amount of One-Hundred-Twenty-Three-Thousand-Two-Hundred-Fifty Dollars ($123,250.00) (each, a "**Quarterly Payment**"), until the Settlement Amount is paid in full.

*Id*. at 2 (bold added).

- The Counter-defendants—who are the Defendants in this matter—have failed to make the Quarterly Payments required under the Settlement Agreement, including the payments that became due on the following dates: (i) April 1, 2025, (ii) July 1, 2025; (iii) October 1, 2025; (iv) January 1, 2026; (v) April 1, 2026; and (vi) July 1, 2026, totaling $739,500. *See* Declaration of Robert Lang ("Lang Decl."), attached hereto as **Exhibit 4**, ¶ 3.

### III.    LEGAL STANDARDS

Under Fed. R. Civ. P. 56, "[a] party may move for summary judgment, identifying each claim or defense — or the part of each claim or defense — on which summary judgment is sought." Fed. R. Civ. P. 56(a).  "Summary judgment is proper when the record shows that 'there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law.'"  *LeBarron v. Interstate Group, LLC*, 529 F. Supp. 3d 1163, 1169 (D. Nev. 2021) (citing Fed. R. Civ. P. 56(a)).  "The purpose of summary judgment is to isolate and dispose of factually unsupported claims or defenses, and to avoid unnecessary trials on undisputed facts." *Id.* (internal citations omitted).

When ruling on a motion for summary judgment, this Court applies a burden-shifting analysis.  Where the moving party bears the burden of proof on a claim or defense, as is the case here, "it must produce evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial." *Id.* (quoting *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000)) (internal quotations omitted).  If this initial burden is satisfied, "the burden then shifts to the party opposing summary judgment to establish a genuine issue of material fact." *Id.* (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)).

The party opposing summary judgment "must go beyond the pleadings and designate specific facts in the evidentiary record that show there is a genuine issue for trial." *Id.* (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986)) (internal quotations omitted). If the party opposing summary judgment fails to do so, summary judgment is appropriate. Fed. R. Civ. P. 56(a).

## IV.   LEGAL ARGUMENT

### A.   CCTC Is Entitled to Summary Judgment on its Claim for Breach of Contract.

"Under Nevada law, the plaintiff in a breach of contract action [must] show (1) the existence of a valid contract, (2) a breach by the defendant, and (3) damages as a result of the breach." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 899 (9th Cir. 2013) (citing *Saini v. Int'l Game Tech.*, 434 F. Supp. 2d 913, 919-20 (D. Nev. 2006)) (internal quotations omitted). There is no dispute that the Settlement Agreement is a valid and binding contract between the parties, as evidenced by their signatures in the document. Exhibit 3, at 9-11. Moreover, Defendants represented to the Court in the Initial Lawsuit, on several occasions, that the "**Counter-defendants acknowledge and agree the parties negotiated, agreed to, and executed the Settlement Agreement and are bound by its terms**." *See, e.g.*, Counter-defendants' Opposition to Motion to Enforce Settlement in the Initial Lawsuit, attached hereto as **Exhibit 5**, at 2 (bold added); Counter-defendants' own Motion to Enforce Settlement in the Initial Lawsuit, attached hereto as **Exhibit 6**, at 2 ("Capital Pure Assets, LTD, Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively "Counter-defendants") have acknowledged and agreed that the parties negotiated, agreed to, and executed the Settlement Agreement and are bound by its terms."). The first element above is therefore satisfied.

There is also no dispute that the Defendants—who were the Counter-defendants in the Settlement Agreement—have failed to comply with the terms of the Settlement Agreement, by making the required quarterly payments to CCTC. The Settlement Agreement clearly states that, "[b]eginning on April 1, 2025, and continuing for a period of twenty-one months thereafter, **the Counter-defendants shall make eight (8) quarterly payments to CCTC in the amount of One-Hundred-Twenty-Three-Thousand-Two-Hundred-Fifty Dollars ($123,250.00)** (each, a "**Quarterly Payment**"). Exhibit 3, at 2 (Section 2(c)) (bold added). Despite this language,

Defendants admit that they have not made a **single** Quarterly Payment to CCTC, as required by the Settlement Agreement. *See, e.g.*, Defendant Shiva Prakash's Responses to CCTC's First Set of Requests for Admission, attached hereto as **Exhibit 7**, at 4 (Response to Request No. 10); Defendant Hannah Dawn Prakash's Responses to CCTC's First Set of Requests for Admission, attached hereto as **Exhibit 8**, at 4 (Response to Request No. 9), 6 (Response to Request No. 17); Defendant Vikhyat Prakash's Responses to CCTC's First Set of Requests for Admission, attached hereto as **Exhibit 9**, at 3 (Response to Request No. 7); Defendant James P. Chrisman's Responses to CCTC's First Set of Interrogatories, attached hereto as **Exhibit 10**, at 2 (Responses to Request Nos. 1-2). The element of breach is thus satisfied as well.

CCTC's damages are self-evident, because it has not received the Quarterly Payments it is entitled to receive under the Settlement Agreement. *See* Lang Decl., ¶ 3. In light of the above, all the elements of CCTC's claim for breach of contract are established by facts which are admitted by the Defendants and not in dispute. Summary judgment is therefore appropriate, in favor of CCTC and against the Defendants, jointly and severally, on CCTC's claim for breach of contract.

> **B.     The Court Should Award CCTC Damages in the Amount of $986,000 on its Breach of Contract Claim, along with Prejudgment and Post-Judgment Interest.**

The general rule in Nevada is that, where a party agrees to pay an amount in installments, the opposing party may recover any unpaid amounts as they become due. *See, e.g.*, *Clayton v. Gardner*, 107 Nev. 468, 470-71, 813 P.2d 997, 999 (1991). An exception applies, however, where the party in breach repudiates its obligation to make payments under the contract in its entirety. *See Minidoka Irrigation Dist. v. Dep't of Interior of U.S.*, 406 F.3d 567, 573 (9th Cir. 2005) (quoting Restatement (Second) of Contracts § 243(2) (1981)); *but see* Restatement (Second) of Contracts § 243(3) (providing that a party may only recover the amounts due and owing, where the only remaining duties of performance are those "for the payment of money in installments not related to one another").[1]

---

[1]     CCTC respectfully submits that Subsection (3) of the Restatement (Second) of Contracts § 243 does not apply here, because the Quarterly Payments inherently relate to one another, as they compose a lump sum that was the primary purpose of CCTC entering into the Settlement Agreement.

5

Notwithstanding their obligation to make Quarterly Payments in the Settlement Agreement, each of the Defendants has clearly and unequivocally repudiated their obligation to make any Quarterly Payments thereunder. As set forth in the attached discovery responses, as well as the filings in this case, the Defendants have each stated that they do not believe they have an obligation to make any Quarterly Payments under the Settlement Agreement, and thus, they do not intend to do so. *See* Defendant Chrisman's Responses to CCTC's First Set of Requests for Admission, attached hereto as **Exhibit 11**, at 4-6 (denying, in response to Request Nos.11 -20, that he and Chrisman, P.C. are required to make the Quarterly Payments); ECF No. 4, at 9 (arguing that Shiva is not responsible to make the Quarterly Payments, because CCTC's exclusive remedy under the Settlement Agreement was to file the Confession of Judgment);[2] ECF No. 8, at 3 (denying any contractual obligation of Hannah's to make the Quarterly Payments); ECF No. 6, at 3 (same for Vikhyat). Under these circumstances, the Court can and should consider the Defendants to have expressly repudiated their obligation to make the Quarterly Payments due under the Settlement Agreement in their entirety, and enter summary judgment in favor of CCTC, and against the Defendants jointly and severally, in the full amount owed of $986,000.

In the event the Court does not find that the contract has been repudiated by the Defendants, it should still enter partial summary judgment on CCTC's breach of contract claim, in favor of CCTC and against the Defendants jointly and severally in the amount of $739,500, which is the amount due and owing as of the date of this Motion, with CCTC reserving its right to seek the additional amounts that become due throughout the pendency of this case until a final judgment is entered. In either case, the Court should also award CCTC its prejudgment and post-judgment interest under NRS 99.040, from the date that each Quarterly Payment became due under the Settlement Agreement, until the total Judgment amount is paid in full. *See* NRS 99.040(1)(a).

**C.      CCTC Is Entitled to Summary Judgment on its Claim for Declaratory Relief.**

A party may obtain declaratory relief if "(1) a justiciable controversy exists between

---

[2]      Shiva's argument in this regard is belied by the terms of the Settlement Agreement, which expressly contemplates and allows CCTC to seek remedies in addition to filing the Confession of Judgment. Exhibit 3, at 4 (Section 2(i)).

persons with adverse interests, (2) the party seeking declaratory relief has a legally protectable interest in the controversy, and (3) the issue is ripe for judicial determination." *Cnty. of Clark, ex rel. Univ. Med. Ctr. v. Upchurch*, 114 Nev. 749, 752, 961 P.2d 754, 756 (1998) (citing *Knittle v. Progressive Casualty Co.*, 112 Nev. 8, 10, 902 P.2d 724, 725 (1996)).  Regarding the types of declaratory relief that may be awarded under Nevada law, NRS 30.040 provides as follows:

> Any person interested under a deed, written contract or other writings constituting a contract, or whose rights, status or other legal relations are affected by a statute, municipal ordinance, contract or franchise, may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder.

NRS 30.040(1).

Courts in this District do not hesitate to determine the validity of and enforce a party's rights under a written confession of judgment, by entering a judgment based on the document. *See, e.g.*, *Board of Trustees of Unite Here Health v. Aguilar*, No. 2:16-cv-02501-RFB-GWF, 2023 WL 6255697, at *1-4 (D. Nev. Sept. 25, 2023); *Blue Sunsets, LLC v. Kontilai*, No. 2:18-CV-90 JCM (NJK), 2020 WL 1148563, at *5-6 (Mar. 9, 2020).  A confession of judgment may be entered in Nevada, without further action, where there is "a statement in writing," "signed by the defendant and verified by his or her oath," that (1) authorizes the entry of judgment for a specified sum, (2) concisely states the facts out of which it arose, and (3) if its purpose is to secure the plaintiff against a contingent liability, shows that the sum confessed does not exceed the amount originally owed by the party confessing judgment. *See Aguilar*, 2023 WL 6255697, at *1-2 (citing NRS 17.100).

As referenced above, the Settlement Agreement between the parties required that Shiva and Capital Pure also sign a Confession of Judgment, confessing judgment in the amount of $986,000, less any Quarterly Payments they make. *See* Exhibit 3, at 3 (Section 2(f)), 17-19 (the Confession of Judgment).  The parties agreed that if Shiva and Capital Pure defaulted on their obligation to pay the Settlement Amount in accordance with the terms of the Settlement Agreement, i.e., by failing to make the Quarterly Payments, and they did not cure their default after 30 days' notice from CCTC, then CCTC could file the Confession of Judgment and

immediately have a Judgment against Shiva and Capital Pure for the unpaid portion of the Settlement Amount. *Id.* The parties agreed that this mechanism would be in addition to, and would not affect, CCTC's other rights granted in the Settlement Agreement, such as its right to pursue a breach of contract claim against the other Counter-defendants named therein. *Id.* at 3-4 (Section 2(i)).

April 1, 2025 came and went, and neither Shiva nor Capital Pure made the first Quarterly Payment owed under the Settlement Agreement. Lang Decl., ¶ 3. In accordance with the terms of the Settlement Agreement, CCTC delivered a notice of default to Shiva and Capital Pure on April 2, 2025. *See* Declaration of David B. Barney, Esq. ("Barney Decl."), attached hereto as **Exhibit 12**, ¶ 3; true and correct copy of the default notice, attached hereto as **Exhibit 13**. Notwithstanding this notice, Shiva and Capital Pure failed to cure their default under the Settlement Agreement by paying the first Quarterly Payment to CCTC within thirty days, or by making any payments at all. *See* Lang Decl., ¶ 3.

The Confession of Judgment satisfies the requirements under Nevada law, for this Court to reduce the same to a Judgment against Capital Pure and Shiva, jointly and severally, in the amount of $986,000. In particular, it is written statement signed by Capital Pure and Shiva, under oath, in which they agreed to have Judgment entered against them in the amount of $986,000, less any Quarterly Payments made, which is 0. Exhibit 3, at 17-19. It also states the facts out of which it arose, i.e., for the purpose of settling the Initial Lawsuit, and it shows that the total Judgment amount does not exceed the total amount owed under the Settlement Agreement, which was $986,000. *Id.* The Confession of Judgment is therefore valid and enforceable under NRS 17.090-110.

Regarding the requirements for declaratory relief, a justiciable controversy exists between the parties in this matter, as CCTC is entitled to a Judgment against Shiva and Capital Pure, as they failed to comply with their obligation to make payments under the Settlement Agreement. Lang Decl., ¶ 3. CCTC has a legally protectable interest in this controversy, and it is also ripe for judicial determination, because CCTC has suffered harm, and continues to suffer harm, absent the Court's entry of the Confession of Judgment against Shiva and Capital Pure, as contemplated by

8

the terms of the Confession of Judgment and the Settlement Agreement. *Id.* In light of the above, the Court should find that the Confession of Judgment is valid and binding against Capital Pure and Shiva, and enter a Judgment in favor of CCTC and against Capital Pure—through Hannah and Shivahi as its Trustees under NRS 86.541(2)—and Shiva, jointly and severally, without further action, in the amount of $986,000. *See* Exhibit 8, at 6 (Response to Request Nos. 13, 15-16)

## V. CONCLUSION

In light of the above, CCTC is entitled to summary judgment in its favor and against the Defendants, jointly and severally, on its breach of contract claim in the amount of $986,000, plus prejudgment and post-judgment interest at the statutorily required rates, and summary judgment on its declaratory relief claim, declaring Judgment in favor of CCTC and against Shiva and Capital Pure, through its Trustees Hannah and Shivahi, in the amount of $986,000, pursuant to NRS 30.040(1).

Dated this 20th day of July, 2026.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*_____
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Plaintiff*
*CC Technology Corporation*

9

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 20th day of July, 2026, a true and correct copy of the above and foregoing **PLAINTIFF CC TECHNOLOGY CORPORATION'S MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada.  CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

 */s/ Jessica Uriostegui*                              
An employee of Sklar Williams PLLC

**INDEX OF EXHIBITS**

| Exhibit | Description |
|---|---|
| 1 | Complaint in Initial Lawsuit |
| 2 | Answer and Counterclaim in Initial Lawsuit |
| 3 | Settlement Agreement |
| 4 | Declaration of Robert Lang |
| 5 | Counter-defendants' Opposition to Motion to Enforce Settlement Agreement in Initial Lawsuit |
| 6 | Counter-defendants' Motion to Enforce Settlement Agreement in the Lawsuit |
| 7 | Defendant Shiva Prakash's Responses to CCTC's Requests for Admission |
| 8 | Defendant Hannah Dawn Prakash's Responses to CCTC's Requests for Admission |
| 9 | Defendant Vikhyat Prakash's Responses to CCTC's Requests for Admission |
| 10 | Defendant James P. Chrisman's Responses to CCTC's Interrogatories |
| 11 | Defendant James P. Chrisman's Responses to CCTC's Requests for Admission |
| 12 | Declaration of David B. Barney, Esq. |
| 13 | Notice of Default |