Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: shackett@sklar-law.com
dbarney@sklar-law.com
*Attorneys for Plaintiff*
*CC Technology Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

CC TECHNOLOGY CORPORATION, a Colorado corporation,

Plaintiff,

v.

SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,

Defendants.

Case No.: 2:25-cv-02123-JAD-BNW

**PLAINTIFF CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT**

**Hearing Date: September 2, 2026**
**Hearing Time: 1:30 p.m.**

Plaintiff CC Technology Corporation, by and through its attorneys, the law firm of Sklar Williams PLLC, hereby files this Reply ("Reply") in Support of its Motion for Partial Summary Judgment (ECF No. 48; hereinafter, the "Motion"). This Reply is made and based upon the following Memorandum of Points and Authorities, all of the papers and pleadings on file herein, and any oral argument that the Court may allow at the hearing on this matter.

**MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff CC Technology Corporation ("CCTC") has established facts that would entitle it to judgment as a matter of law at the time of trial. These facts include: **(1)** that CCTC and the Defendants entered into a Settlement Agreement; **(2)** that the Settlement Agreement required the Defendants to make eight (8) quarterly payments of $123,250 to CCTC; and **(3)** that the Defendants have failed to make any of those payments. *See* Motion, at 2-3.[1] Because these facts would entitle CCTC to judgment as a matter of law on its breach of contract and declaratory relief claims, the burden under Rule 56 shifted to the Defendants, "to establish a genuine issue of material fact," that would justify holding a trial on CCTC's claims. *LeBarron v. Interstate Group, LLC*, 529 F. Supp. 3d 1163, 1169 (D. Nev. 2021) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986)).

Not only did the Defendants fail to create a genuine issue of material fact with respect to CCTC's claims, but they doubled down in admitting that the above-referenced facts are true. In particular, all of the Defendants admit that they entered into the Settlement Agreement attached to the Motion—the terms of which are clear and unambiguous with regard to their obligation to make the quarterly payments—and that they did not make any of the quarterly payments required to be made under the agreement. *See*, *e.g.*, ECF No. 51, at 2; ECF No. 52, at 2; ECF No. 53, at 2. Based on these admissions alone, Defendants have failed to satisfy their burden to create a genuine issue of material fact for trial, and summary judgment is appropriate in favor of CCTC.

Defendants' attempts to confuse the issues by nitpicking the language of the Settlement Agreement and asking for additional time in discovery do not change this conclusion. For example, Defendants assert that CCTC has not established that they are jointly and severally liable for the entire amount of the Quarterly Payments, because it did not specifically state that they are "jointly and severally liable" with respect to that obligation in the Settlement Agreement. *See*, *e.g.*, ECF No. 51, at 10-11. But Nevada law provides the opposite—unless there is express

[1] Capitalized terms used, but not defined in this Reply, have the meanings given in the Motion.

language stating that an obligation is **not** joint and several, the default rule is that joint and several liability applies. *Orien v. Conway*, 135 Nev. 697, 441 P.3d 81, 2019 WL 2158435, at *2 (May 15, 2019) (unpublished disposition).

The same is true regarding Defendants' argument that they need additional discovery to properly defend against the Motion. *See, e.g.*, ECF No. 53, at 15-16. By some stretch of the imagination, Defendants contend that they need to see CCTC's bank statements, apparently to confirm they did not pay the amounts they have already admitted to not paying. *Id.* at 15. This logic is nonsensical, and the same goes for the remaining arguments in Defendants' Oppositions. The material facts are not in dispute, and CCTC is entitled to judgment as a matter of law on its claims for breach of contract and declaratory relief.

## II. LEGAL ARGUMENT

### A. Defendants Have Failed to Create a Genuine Issue of Material Fact, and Summary Judgment is Appropriate.

In the Motion, CCTC provided the Court with evidence to establish the facts necessary to prevail on its breach of contract and declaratory relief claims as a matter of law. With respect to its breach of contract claim, CCTC submitted evidence, including admissions of the Defendants, to show that **(1)** CCTC and the Defendants entered into the Settlement Agreement, *see* Motion, at 2,4; **(2)** the Settlement Agreement required the Defendants—identified in the agreement as the "Counter-defendants"—to make eight (8) quarterly payments of $123,250 to CCTC, *see id.*; and **(3)** that the Defendants failed to make any of the required quarterly payments. *Id.* at 3, 5. Not only do the Defendants fail to provide the Court with evidence to contradict the evidence attached to the Motion, but they admit once again that they entered into the Settlement Agreement, that the terms of the Settlement Agreement are what CCTC says they are, and that **none** of them made any quarterly payments required to be made under the Settlement Agreement. *See, e.g.*, ECF No. 51, at 2 (Hannah, Chrisman, and Chrisman, P.C. acknowledging that they "do not dispute signing the Settlement Agreement individually and as a corporation, . . . or that CCTC did not receive the six Quarterly Payments [owed]."); ECF No. 52, at 2 ("Vikhyat does not dispute that he signed the Settlement Agreement individually, . . . or that he personally did not make a Quarterly Payment.");

ECF No. 53, at 2 ("Shiva does not dispute that he signed the Settlement Agreement individually, that he signed the Confession of Judgment individually and on behalf of Capital Pure, or that he personally did not make a Quarterly Payment."). Setting aside for the moment the legal arguments made in the oppositions, which are without merit as detailed below, Defendants have failed to present the Court with any evidence that contradicts the evidence submitted by CCTC.

The same is true for CCTC's declaratory relief claim, which relies on **(1)** Capital Pure and Shiva signing the Confession of Judgment; and **(2)** the two of them failing to make the quarterly payments after CCTC provided them with the notice and cure period called for in the contract. *See* Motion, at 7-8. In his Opposition to the Motion, Shiva does not dispute "that he signed the Confession of Judgment individually and on behalf of Capital Pure, or that he personally did not make a Quarterly Payment." ECF No. 53, at 2. Shiva also "does not dispute . . . that the default notice and cure process occurred." *Id.* at 3. Based on these admissions, Shiva and Capital Pure have failed to present the Court with any evidence that contradicts the evidence submitted in connection with the Motion. Because the Defendants failed to satisfy their burden to create a genuine issue of material of fact when opposing the Motion, summary judgment is appropriate on CCTC's claims for breach of contract and declaratory relief.

### B. No Opposition Was Filed on Behalf of Capital Pure, and Summary Judgment Is Therefore Appropriate against the Entity.

As set forth in the Motion, CCTC seeks judgment against Capital Pure, through its Trustees Hannah and Shivahi, in the amount of $986,000. *See* Motion, at 5-9. Hannah's Opposition to the Motion makes clear that she is not asserting any defenses or opposing the Motion on behalf of Capital Pure. ECF No. 51, at 2 ("Opponents do not purport to represent Capital Pure Assets, Ltd. . . . or to litigate any defenses belonging solely to that dissolved entity."). Shivahi also failed to file an opposition on behalf of Capital Pure. "The general rule is that if an opposing party does not respond, summary judgment should, *if appropriate*, be entered against the party." *See Budnick v. Your Mgmt., LLC*, No. 2:08-cv-00590-HDM-GWF, 2010 WL 11575643, at *5 (D. Nev. Feb. 11, 2010) (citing, as relevant here, Fed. R. Civ. P. 56(e)(2)) (italics in original). Because the Trustees of Capital Pure have failed to file an opposition to the Motion, and because the Motion is

otherwise meritorious, the Court should grant summary judgment in favor of CCTC and against Capital Pure, on CCTC's breach of contract and declaratory relief claims, in the amount of $986,000.

**C. Defendants' Legal Arguments Do Not Change the Fact that Summary Judgment is Appropriate.**

***i. The Prior Rulings in this Case and in the Initial Lawsuit Support Summary Judgment, if Anything.***

One of the primary arguments in Defendants' oppositions is that the Court should not rely on two previous judicial determinations when ruling on this Motion: (1) this Court's prior ruling on Defendants' motions to dismiss; and (2) the court in the Initial Lawsuit's rulings with respect to how the Settlement Agreement should be interpreted. ECF No. 51, at 9-10; ECF No. 52, at 9-10; ECF No. 53, at 9. Regarding (1) above, CCTC agrees—the Court's denial of Rule 12(b)(6) motions, at the outset of this case, does not establish that CCTC is also entitled to summary judgment on its contract-based claims. This is precisely why CCTC filed the instant Motion, to obtain summary judgment in accordance with Fed. R. Civ. P. 56.

Regarding Defendants' second argument on this issue, however, the Court **should** consider the court's analysis of the Settlement Agreement in the Initial Lawsuit as persuasive, if not dispositive of the contract interpretation issue in favor of CCTC. As set forth in the Motion, both CCTC and the Defendants filed motions to enforce the Settlement Agreement in the Initial Lawsuit. *See, e.g.*, ECF No. 48-5; ECF No. 48-6. In the court's Order Granting CCTC's Motion to Enforce Settlement and for Sanctions (the "Order Granting Motion to Enforce Settlement"), the court found that "[t]here is no dispute that a material term of [the] settlement agreement is for Counter-Defendants to make an initial payment of $14,000." *See* Order Granting Motion to Enforce Settlement, at ECF No. 62 in the Initial Lawsuit.[2] The Court further found that "there

---

[2] This Court may take judicial notice of the Order Granting Motion to Enforce Settlement, as it is a public record from a related case between the parties. *See Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, at 1069 n.3 (9th Cir. 2021) (quoting *United States ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc.*, 971 F.2d 244, 248 (9th Cir. 1992)) ("The court 'may take notice of proceedings in other courts . . . if those proceedings have a direct relation to matters at issue.'"). The document is also properly considered by the Court, as it is referenced in this Reply in response to an argument raised in Defendants' oppositions. *See, e.g.*, ECF No. 51, at 9.

[was] no dispute that, despite the above, Counter-Defendants have not made the initial payment." *Id.*

Upon these findings, the court ordered Defendants—who were the "Counter-defendants" in that case—to make the required payment of $14,000 and granted sanctions in the form of requiring the Counter-defendants to pay CCTC's attorney fees incurred in connection with filing the motion to enforce. *Id.* at 7. Not only did the court enter these Orders, but when the Defendants failed to comply with the court's order to pay the initial $14,000 owed to CCTC, the court ordered them all to appear before the court and found them in contempt for failing to comply with the court's orders. *See* Order in Initial Lawsuit dated April 29, 2025, at ECF No. 72 in the Initial Lawsuit, at 3-4.[3] In doing so, the court found that the "Counter-Defendants," as defined in the Settlement Agreement, violated the court's order relating to the initial payment of $14,000, and it imposed the following penalty against all of them: "**Counter-Defendants will hereby be fined (jointly and severally) in an amount of $500 per day that their violation persists**." *Id.* at 4.

The Counter-defendants' obligation to make the initial payment in the Settlement Agreement contains the exact same language as their obligation to make the Quarterly Payments which are at issue in this case. Just as the Settlement Agreement states that the "**Counter-defendants** shall deliver to CCTC's counsel . . . a certified check or cashier's check in the amount of Fourteen-Thousand Dollars ($14,000.00) ("**<u>Initial Payment</u>**")," it states that "[b]eginning on April 1, 2025, and continuing for a period of twenty-one months thereafter, the **Counter-defendants** shall make eight (8) quarterly payments to CCTC in the amount of One-Hundred-Twenty-Three-Thousand-Two-Hundred-Fifty Dollars ($123,250.00) (each, a "**<u>Quarterly Payment</u>**")." ECF No. 48-3, at 2 (Sections 2(a) and 2(c)). Both of these obligations are part of the Counter-defendants' overall promise to pay CCTC a total "Settlement Amount" of $1,336,000. *Id.* at 2 (Section 2). This Court should rule consistently with the court in the Initial Lawsuit, inasmuch as it found that **all** the Defendants, who were the Counter-defendants in that lawsuit, are jointly and severally liable to make these payments.

[3] *See* footnote 2, *supra*.

**ii.** ***Nevada Law Mandates that the Judgment against the Defendants Be Joint and Several.***

Defendants' next argument is that CCTC has not established that a judgment against them should be joint and several. ECF No. 51, at 10-11; ECF No. 52, at 10-12. Defendants argue that because the Settlement Agreement did not specifically state that the obligation to make Quarterly Payments was "joint and several," this Court should not enter a judgment against them with that designation. *Id.* But Defendants' argument is directly contrary to Nevada law.

In *Orien v. Conway*, the Nevada Supreme Court explained that "[t]he concept of joint and several liability is based in the common law," and it is therefore the default in the absence of a statute or contractual provision that expressly states otherwise. *Orien v. Conway*, No. 73519, 135 Nev. 697, at *2 (2019) (unpublished disposition). In response to the appellant's argument that joint and several liability should not be applied in the absence of language expressly applying it—the same argument made by Defendants in this case—the Nevada Supreme Court stated that the opposite is true, inasmuch as express language or a statute on point would be needed for joint and several liability to **not** apply. *Id.* Because neither was present in that case, the Court upheld a finding of joint and several liability against the appellant, even though the operative contract did not provide for such liability.

The same result is appropriate here. The obligation of the "Counter-defendants" to make the Quarterly Payments under the Settlement Agreement is not apportioned, nor does the agreement assign a specific amount of such payments that must be paid by each of the Counter-defendants, who are the Defendants in this case. ECF No. 48-3, at 2(c). Rather, the plain language of the Settlement Agreement holds all of them responsible to pay all of the Quarterly Payments, and that contractual obligation—which is joint and several—should be enforced in this case. *Id.* Any judgment against the Defendant should be joint and several, with regard to the Defendants' obligations set forth in the Settlement Agreement.

**iii.** ***CCTC Has Established Anticipatory Repudiation, Which Is Reinforced by the Defendants' Own Oppositions.***

Defendants next argue that CCTC has not established anticipatory repudiation, regarding

the Defendants' obligation to make the Quarterly Payments. ECF No. 51, at 11-12; ECF No. 52, 12-13. On the one hand, they argue that they are not required to make any Quarterly Payments. On the other hand, they argue that CCTC has not shown that they have rejected their obligation to make the Quarterly Payments. They cannot have it both ways.

Anticipatory repudiation requires a clear showing that a party does not intend to comply with a contractual obligation. *See* Motion, at 5 (citing *Minidoka Irrigation Dist. v. Dep't of Interior of U.S.*, 406 F.3d 567, 573 (9th Cir. 2005)). In the Motion, CCTC pointed to Defendants' own responses to written discovery in which they acknowledged that they have no intent to make the Quarterly Payments. *Id.* at 6. If that were not enough, Defendants now filed Oppositions to the Motion, in which they reiterate that they have no intent to make the Quarterly Payments, and that they are not responsible for the same. *See, e.g.*, ECF No. 51, at 2. There could not be more clear evidence of anticipatory repudiation than the Defendants' own statements, made on several occasions in this case, that they reject any obligation to pay the Quarterly Payments. The Court should therefore find that the Defendants anticipatorily repudiated their obligation to make the Quarterly Payments and enter judgment in favor of CCTC in the total amount owed under the Settlement Agreement, of $986,000.

**iv. *Defendants Have Failed to Show that the Motion Should Not Be Granted under Rule 56(d).***

"Rule 56(d) provides a device for litigants to avoid summary judgment when they have not had sufficient time to develop affirmative evidence." *McKenna v. Chesnoff*, No. 2:14-cv-01773-JAD-CWH, 2016 WL 5019162, at *4 (D. Nev. Sept. 19, 2026) (quoting *United States v. Kitsap Physicians Serv.*, 314 F.3d 995, 1000 (9th Cir. 2002)). "To prevail on a Rule 56(d) request, the movant must show: (1) that [she] has set forth in affidavit form the specific facts that [she] [hopes] to elicit from further discovery, (2) that the facts sought exist, and (3) that these sought-after facts are 'essential' to resist the summary judgment motion." *Id.* (quoting *Family Home & Fin. Ctr., Inc. v. Fed. Home Loan Mortg. Corp.*, 525 F.3d 822, 827 (9th Cir. 2008)). "A Rule 56(d) motion may be denied where the movant has been dilatory, or where the movant seeks irrelevant,

speculative, or cumulative information." *Id.* (quoting *Slama v. City of Madera*, No. 1:08-cv-810 AWI GSA, 2012 WL 1067198, at *2 (E.D. Cal. Mar. 28, 2012)).

The first reason Defendants' Rule 56(d) argument fails is that they failed to exercise any diligence in discovery or obtain documents that were in their possession, custody or control from the time this case began. While the documents at issue would not change the Court's analysis in any event, as explained further below, Defendants' Rule 56(d) argument should be rejected outright because the documents they are waiting for are communications between counsel for CCTC and the Defendants' counsel in the Initial Lawsuit, which have been within the custody or control of Defendants, and thus accessible at any time, since before this case began. *See Alvarado-Herrera v. Acuity A Mutual Ins. Co.*, No. 2:22-cv-00438-CDS-NJK, 2023 WL 5035323, at *8 (D. Nev. Aug. 4, 2023) (quoting *Hill v. Asset Acceptance, LLC*, No. 13CV1718-BEN (BLM), 2014 WL 3014945, at *7 (S.D. Cal. Jul. 3, 2014) ("Documents in the possession of a party's current or former counsel are deemed to be within that party's possession, custody[,] or control" for purposes of discovery.").

The fact that someone apparently told Defendants to serve discovery right after the Motion was filed, in an effort to stall entry of judgment against them, does not allow them to overcome the fact that they never engaged in **any** discovery in this lawsuit until serving their requests on July 28, 2026. Nor can Defendants fling Rule 56(d) at the Court and avoid entry of judgment where the very documents on which they rely for their request have been in their possession, custody or control since before this case was even filed, and they simply did nothing to get them for almost a year. Defendants cannot use Rule 56(d) as a tool to game the process, and their argument on this issue should be rejected outright.

Defendants' Rule 56(d) argument should also be rejected if the Court looks at the request in substance. Defendants essentially argue there are two categories of documents that they anticipate receiving in response to their written discovery: (1) CCTC's "accounting and payment records," including its bank account statements, general ledgers, and other accounting records showing or relating to payments owed under the Settlement Agreement; and (2) communications between counsel during the Initial Lawsuit regarding the negotiation of the Settlement Agreement.

*See, e.g.*, ECF No. 52, at 25, ¶¶ 10-11. Regarding (1) above, this position is extremely puzzling—Defendants argue that they need to see CCTC's bank account records, to confirm that CCTC did not receive the payments Defendants admit they did not make. This argument is nonsensical. Beyond the fact that this documentation has absolutely no relevance to or place in this lawsuit, CCTC's records showing no Quarterly Payments being made by the Defendants is not a basis for the Court to defer or deny the Motion, as the Defendants **already** have admitted that no such payments were made.

The same is true regarding their request for communications between their own attorneys and CCTC's counsel during the Initial Lawsuit. The language of the Settlement Agreement relating to the Defendants' obligation to make the Quarterly Payments is clear and unambiguous, and any precontractual negotiations are therefore irrelevant and inadmissible. *See Ringle v. Burton*, 120 Nev. 82, 91, 86 P.3d 1032, 1037 (2004) ("The parol evidence rule does not permit the admission of evidence that would change the contract terms when the terms of a written agreement are clear, definite, and unambiguous."). For these reasons, there is nothing by way of discovery responses, which the Defendants waited to serve until the end of discovery, that would change the Defendants' ability to defend against the Motion, and Defendants' request under Rule 56(d) should be denied.

**v. *CCTC Is Entitled to Prejudgment and Post-judgment Interest at the Applicable Statutory Rates.***

Defendants argue that CCTC is not entitled to recover prejudgment and post-judgment interest because it did not calculate those amounts in the Motion. *See, e.g.*, ECF No. 52, at 16-17. They rely on no authority for this position, which again contradicts applicable law as prejudgment and post-judgment interest are required to be entered on all judgments. *See* NRS 99.040 (stating that pre-judgment interest "must be allowed" in contract cases); 28 U.S.C. § 1961(a) ("Interest shall be allowed on any money judgment in a civil case recovered in a district court."). In any event, for the sake of clarity, CCTC provides the Court with its requested calculation of prejudgment and post-judgment interest.

If the Court awards CCTC judgment on the entire outstanding amount under the Settlement

Agreement, of $986,000, CCTC requests that the Court award prejudgment interest, as required under NRS 99.040, from the time the first Quarterly Payment become due until the date on which a judgment is entered. If the Court awards CCTC judgment in the amount of the past-due Quarterly Payments at this stage only, then CCTC requests that it award prejudgment interest as required under NRS 99.040, on each Quarterly Payment from the time such payment became due until the date on which a judgment is entered. In either case, the Court should award post-judgment interest as required by 28 U.S.C. § 1961(a), on all amounts set forth in a final judgment until such judgment is satisfied.

As a final note on the arguments in the Oppositions, CCTC does not seek a duplicative recovery, as far as the amounts owed under Defendants' Quarterly Payment obligations under the Settlement Agreement, in addition to Shiva and Capital Pure's obligations under the Confession of Judgment. CCTC is simply seeking a judgment in the total amount of $986,000 against all Defendants, along with prejudgment and post-judgment interest.

**III. CONCLUSION**

In light of the above, CCTC respectfully requests that the Court enter summary judgment in its favor, and against the Defendants in the amount of $986,000, plus prejudgment and post-judgment interest at the statutorily required rates.

Dated this 25th day of August, 2026.

SKLAR WILLIAMS PLLC

*_/s/ David B. Barney_*
Stephen R. Hackett, Esq.
Nevada Bar No. 5010
David B. Barney, Esq.
Nevada Bar No. 14681
410 South Rampart Blvd, Suite 350
Las Vegas, NV 89145
*Attorneys for Plaintiff*
*CC Technology Corporation*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on the 26th day of August, 2026, a true and correct copy of the above and foregoing **PLAINTIFF CC TECHNOLOGY CORPORATION'S REPLY IN SUPPORT OF MOTION FOR PARTIAL SUMMARY JUDGMENT** was filed electronically with the Clerk of the Court by submission to the electronic filing and service system (CM/ECF) at the United States District Court, District of Nevada. CM/ECF will provide copies to all parties and counsel of record registered to receive CM/ECF notification.

*/s/ David B. Barney*
An employee of Sklar Williams PLLC