Stephen R. Hackett, Esq.
Nevada Bar No.: 5010
David B. Barney, Esq.
Nevada Bar No.: 14681
SKLAR WILLIAMS PLLC
410 South Rampart Boulevard, Suite 350
Las Vegas, Nevada 89145
Telephone: (702) 360-6000
Facsimile: (702) 360-0000
Email: shackett@sklar-law.com
dbarney@sklar-law.com
*Attorneys for Plaintiff*
*CC Technology Corporation*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CC TECHNOLOGY CORPORATION, a Colorado corporation,<br><br>Plaintiff,<br><br>v.<br><br>SHIVA PRAKASH, an individual; HANNAH DAWN PRAKASH, in an individual capacity and as Trustee of Capital Pure Assets, Ltd, a dissolved Nevada limited liability company; SHIVAHI PRAKASH, as Trustee of Capital Pure Assets, LTD, a dissolved Nevada limited liability company; VIKHYAT PRAKASH, an individual; DGITK LLC, a Delaware limited liability company; JAMES CHRISMAN, P.C., a Nevada professional corporation; JAMES P. CHRISMAN, an individual; DOES 1 through 10, inclusive; and ROE ENTITIES I through X, inclusive,<br><br>Defendants. | Case No. 2:25-cv-02123-JAD-BNW<br><br>**STIPULATION AND ORDER TO EXTEND DISCOVERY DEADLINE FOR LIMITED PURPOSES**<br><br>**(Third Requested Extension of Discovery)** |

Pursuant to LR IA 6-1 and LR 26-3, Plaintiff CC Technology Corporation ("Plaintiff") and Defendants Shiva Prakash, Hannah Dawn Prakash, Shivahi Prakash, Vikhyat Prakash, James Chrisman, P.C., and James P. Chrisman (collectively, "Defendants"), hereby submit this Stipulation and Order to Extend Discovery Deadline for Limited Purposes (Third Requested Extension of Discovery). The parties respectfully request that the Court extend the discovery

deadline by approximately forty-five (45) days, for the limited purposes of: (i) allowing Plaintiff to take the deposition of James P. Chrisman ("Chrisman"), and (ii) allowing Plaintiff and Chrisman to hold a previously scheduled meet and confer regarding discovery responses, attempt to resolve their discovery disputes and, if necessary, for Plaintiff to file a motion to compel, in light of unexpected and emergency medical care needed by Chrisman.

**A. PROCEDURAL HISTORY AND DISCOVERY COMPLETED**

1. Plaintiff filed its Complaint (ECF No. 1; the "Complaint") on October 30, 2025, to initiate this lawsuit.

2. On November 14, 2025, Defendant Shiva Prakash filed a Motion to Dismiss Entire Action with Prejudice (ECF No. 4; hereinafter, the "Motion to Dismiss"), and Defendants Vikhyat Prakash, Shivahi Prakash, and Hannah Dawn Prakash each filed Joinders to the Motion to Dismiss on November 18, 2025. ECF Nos. 6, 7, 8.

3. Plaintiff filed Oppositions to the Motion to Dismiss and to the Joinders, on November 28, 2025, and December 2, 2025, respectively (ECF Nos. 12, 17), and the above-referenced Defendants filed replies in support of the Joinders and the Motion to Dismiss on December 5, 2025, and December 8, 2025, respectively (ECF Nos. 17, 19).

4. The Court held a hearing on the Motion to Dismiss, including the Joinders thereto, on December 16, 2025, at which it denied the relief sought by Defendants and set a setline for them to answer the Complaint within twenty days. ECF No. 21.

5. On December 24, 2025, the parties submitted a Joint Conference Report under Rule 26(f) and Stipulated Discovery Plan and Scheduling Order (ECF No. 23). The Court adopted the parties' Discovery Plan on December 29, 2025, in which it set the following discovery deadlines, as relevant to this Stipulation: (i) Discovery Cut-Off Date of May 13, 2026; (ii) Dispositive Motion Deadline of June 12, 2026; and (iii) Pretrial Order Deadline of July 13, 2026. ECF No. 28.

6. Also on December 29, 2025, Defendants Shivahi Prakash, Vikhyat Prakash, Hannah Dawn Prakash, and Shiva Prakash each filed an Answer to the Complaint. ECF Nos. 29, 30, 31, and 32, respectively.

7. The same day, Plaintiff served Defendants Shiva Prakash, Hannah Dawn Prakash, and Vikhyat Prakash each, with Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories.

8. Then-Defendant DGITK, LLC filed an Answer to Plaintiff's Complaint on January 15, 2026. ECF No. 34.

9. After the Default of Defendants James Chrisman, P.C. and James P. Chrisman was set aside by stipulation (ECF No. 40), such Defendants filed their Answer on January 16, 2026. ECF No. 37.

10. On January 27, 2026, Plaintiff served Defendant James P. Chrisman with Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories.

11. Plaintiff served the other parties with its initial disclosures on January 28, 2026.

12. Based on the timing of Defendants DGITK, LLC, James Chrisman, P.C., and James P. Chrisman's appearances in this case, the parties submitted a Supplemental Joint Conference Report under Rule 26(f) and Amended Stipulated Discovery Plan and Scheduling Order, in which they requested that the Court extend the discovery deadlines by approximately sixty days. ECF No. 41.

13. The Court granted the parties' amended discovery plan on February 4, 2026, which amended the above-referenced deadlines as follows: (i) Discovery Cut-Off Date of July 15, 2026; (ii) Dispositive Motion Deadline of August 14, 2026; and (iii) Pretrial Order Deadline of September 14, 2026.

14. On February 6, 2026, Defendant James P. Chrisman served Plaintiff with Responses to Plaintiff's First Set of Requests for Admission.

15. Defendants Shiva Prakash, Hannah Dawn Prakash, Vikhyat Prakash, and Shivahi Prakash each served their initial disclosures on February 12, 2026.

16. On February 13, 2026, after obtaining an extension of time to do so, Defendants Shiva Prakash, Hannah Dawn Prakash, and Vikhyat Prakash each served Plaintiff with their

responses to Plaintiff's First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories.

17. Defendant DGITK, LLC served its initial disclosures on February 18, 2026, and Defendants James Chrisman, P.C. and James P. Chrisman served their initial disclosures on February 23, 2026.

18. On March 16, 2026, Defendant James P. Chrisman served Plaintiff with his responses to Plaintiff's First Set of Interrogatories.

19. After Defendant DGITK, LLC appeared in this case, such Defendant and Plaintiff engaged in informal discovery regarding Plaintiff's claims asserted against DGITK, LLC. DGITK, LLC served Plaintiff with its First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories on April 23, 2026, but DGITK, LLC was dismissed from this case without prejudice on June 3, 2026. ECF No. 45.

20. On June 18, 2026, the parties submitted a Stipulation and Order to Extend Discovery Deadline (Second Requested Extension of Discovery) (ECF No. 46; hereinafter the "Second Stipulation to Extend Discovery"), in which they advised the court of several outstanding discovery matters that needed to be completed, including taking depositions and resolving certain discovery disputes between Plaintiff and Chrisman. ECF No. 46, at 5.

21. The Court granted the Second Requested Extension of Discovery on June 22, 2026 (ECF No. 47), and it set a new discovery deadline of August 31, 2026. ECF No. 47, at 5.

22. After conferring about his responses to Plaintiff's First Set of Requests for Production of Documents, Chrisman served Plaintiff with his responses to those requests on July 2, 2026.

23. On July 7, 2026, after reviewing Chrisman's responses to its first set of requests for production, Plaintiff served Chrisman with its (i) Second Set of Interrogatories, and (ii) Second Set of Requests for Production of Documents.

24. On July 20, 2026, Plaintiff filed a Motion for Partial Summary Judgment on its claims for breach of contract and declaratory relief. ECF No. 48. The motion is set for a hearing

on September 2, 2026.

25. On July 28, 2026, Shiva, Hannah, and Vikhyat each served their First Sets of (i) Requests for Admission, (ii) Requests for Production of Documents, and (iii) Interrogatories on Plaintiff.

26. Based on his work schedule and prior medical issues, Plaintiff and Chrisman agreed to set the deposition of Chrisman for 1:00 p.m. on August 28, 2026.

27. On August 14, 2026, Chrisman served Plaintiff with his responses to Plaintiff's (i) Second Set of Requests for Production of Documents, and (ii) Second Set of Interrogatories. Plaintiff contacted Chrisman, requesting to meet and confer about certain issues with his responses to Plaintiff's requests for production of documents, and the parties agreed to hold a meet and confer on those issues at the time of Chrisman's deposition.

28. On August 27, 2026, the day before Chrisman's deposition and the meet and confer regarding his discovery responses, Chrisman advised all parties that he will need to receive emergency medical care the following day at 11am, that he will not be able to attend the deposition or participate in the meet and confer at that time, and that he believes he will need to receive continuous medical care through the following week.

29. In light of the emergency and unexpected medical care needed by Chrisman, the parties have agreed and hereby stipulate to extend discovery for the limited purposes of allowing Plaintiff to take Chrisman's deposition and allowing Plaintiff to proceed with a meet and confer regarding Chrisman's discovery responses and, if necessary, file a motion to compel.

**B. GROUNDS FOR EXTENSION OF DISCOVERY DEADLINE**

**1. Local Rule IA 6-1**

Under LR IA 6-1, a stipulation to extend time must state the reasons for the extension requested and must inform the Court of all previous extensions of the subject deadline the Court has granted. In this case, the Court has granted two extensions of the discovery deadlines, based (i) on the appearance of new parties approximately two months after the discovery period initially began, and (ii) based on the schedules of the parties and counsel that prevented them from engaging

in certain required discovery including taking depositions. The reason for the extension requested herein is to provide additional time for the parties to resolve their ongoing discovery disputes and to take the deposition of Defendant Chrisman, based on unexpected and emergency medical care needed by Chrisman at the time those matters were scheduled.

**2. Local Rule 26-3**

Under LR 26-3, a stipulation to extend any date set by a discovery plan, scheduling order, or other order must, in addition to satisfying the requirements of LR IA 6-1, be supported by a showing of good cause for the extension. LR 26-3 requires the following to be included in such a stipulation:

(a) A statement specifying the discovery completed;

(b) A specific description of the discovery that remains to be completed;

(c) The reasons why the deadline was not satisfied or the remaining discovery was not completed within the time limits set by the discovery plan; and

(d) A proposed schedule for completing the remaining discovery.

**a. Discovery Completed**

A list of the discovery completed to date is set forth in Section A, hereinabove.

**b. Discovery that Remains to Be Completed**

The remaining discovery includes: (i) taking the deposition of Chrisman; and (ii) allowing Plaintiff and Chrisman to meet and confer regarding their outstanding discovery disputes, to try to resolve the same, and if necessary, to allow Plaintiff to file a motion to compel.

**c. Reasons Why Discovery Has Not Been Completed**

The remaining discovery referenced above was scheduled to be completed before the current close of discovery, but it cannot be completed based on Chrisman's unexpected and emergency medical care that must take place beginning on August 28, 2026, and will continue until after the current discovery deadline expires. The parties respectfully submit that good cause for the requested extension exists, to accommodate Chrisman's medical care and to allow the parties to conduct the discovery they planned to conduct, but could not because of the medical care needed.

**d. Proposed Schedule**

- Discovery Cut-Off: October 15, 2026.
- Dispositive Motion Deadline: November 16, 2026.
- Pretrial Order Deadline: December 16, 2026 (unless dispositive motions are filed, in which case the joint pretrial order deadline will be suspended until 30 days after the decision on the dispositive motions or further court order).

WHEREFORE, good cause existing, the parties hereby stipulate and request that the Court enter an Order approving the proposed deadlines set forth above.

IT IS SO STIPULATED.

Respectfully submitted this 27th day of August, 2026.

SKLAR WILLIAMS PLLC

*/s/ David B. Barney*
Stephen R. Hackett, Esq. (NBN: 5010)
David B. Barney, Esq. (NBN: 14681)
410 S. Rampart Blvd., Suite 350
Las Vegas, NV 89145
*Attorneys for Plaintiff*

*/s/ Shiva Prakash*
Shiva Prakash
*Pro Se Defendant*

*/s/ Hannah Dawn Prakash*
Hannah Dawn Prakash
*Pro Se Defendant*

*/s/ Vikhyat Prakash*
Vikhyat Prakash
*Pro Se Defendant*

JAMES CHRISMAN, PC

*/s/ James P. Chrisman*
James P. Chrisman, Esq. (NBN: 2676)
PO Box 750939
Las Vegas, NV 89136
*Attorneys for Defendants*
*James P. Chrisman and James Chrisman, PC*

*/s/ Shivahi Prakash*
Shivahi Prakash
*Pro Se Defendant*

IT IS SO ORDERED.

______________________________
UNITED STATES MAGISTRATE JUDGE

DATED: August 28, 2026